## UNITED STATES v. HIRSCHHORN.

District Court, S. D. New York. October 4, 1927.

1. **Courts ⬅96(1)—Matter decided by District Judge within district should be so decided by another judge as matter of comity.**

The general rule is that a matter which is decided by any District Judge within the district should be, as a matter of comity, without reexamination by another judge, so decided.

2. **Aliens ⬅68(6)—Judgment on petition for naturalization is entitled to full faith and credit except as affected by authority to petition for cancellation for fraud (Naturalization Act [8 USCA § 405]).**

Judgment rendered on petition for naturalization is entitled to full faith and credit, except as affected by authority granted under Naturalization Act, § 15 (8 USCA § 405), to file petition to set aside judgment of naturalization where certificate was procured by fraud.

3. **Aliens ⬅71—Naturalization certificate held not illegally procured because secured in county within district different from that of applicant's residence (Naturalization Act [8 USCA § 405]).**

Naturalization certificate, procured in district wherein applicant resided, *held* not illegally procured within meaning of Naturalization Act, § 15 (8 USCA § 405) because of fact that applicant actually resided in another county than that in which certificate was issued, in view of section 3, par. 3 (8 USCA § 357).

4. **Aliens ⬅68(6)—Jurisdiction in issuing naturalization certificate, supported by evidence, will be resolved in favor of applicant, on attack in proceedings for cancellation (Naturalization Act [8 USCA § 405]).**

Where evidence on application for naturalization certificate was sufficient to support finding that applicant resided within county where application was made, question of jurisdiction will be resolved in favor of applicant, on attack under Naturalization Act, § 15 (8 USCA § 405), for cancellation of certificate on ground that it was illegally procured.

Application by the United States for cancellation of certificate of naturalization issued to Louis Hirschhorn. Petition denied.

Charles H. Tuttle, U. S. Atty., of New York City (Abbot Low Moffat, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Joseph S. Israel, of New York City, for respondent.

HUTCHESON, District Judge. This is a petition brought under section 15 of the Naturalization Act (8 USCA § 405) to cancel a certificate of naturalization on the ground that it was illegally procured, because the declaration of intention was filed and granted in a county other than that of applicant's residence.

The facts are that on September 16, 1921, applicant filed his declaration of intention to become a citizen of the United States before the clerk of the Supreme Court of the state of New York in New York county, giving his residence as New York county.

On September 27, 1924, he filed a petition to be admitted to citizenship in the Supreme Court of Bronx county. On or about March 20, 1925, Judge Wagner, judge of the First judicial district, which consists of the counties of New York and Bronx, admitted the respondent to citizenship over the protests of the naturalization examiner that the court had no jurisdiction, because the declaration of intention should have been filed in Bronx county, where the defendant actually resided, at the time the declaration of intention was filed.

The evidence offered on the trial before Judge Wagner and before me was the same on the part of the government—an admission by affidavit of the applicant that he had filed his declaration of intention in New York county because he was living with his mother, where he continued to reside for some months, his family being out of the city, and they joining him on their return before they went back to their apartment in Bronx county, which during that entire period, however, was maintained by applicant.

He testified that he considered that his residence at that time was in New York county because of the undisputed fact that he was then living with his mother.

I am advised in the brief of the United States that Judge Wagner admitted the respondent, not because he believed that the petitioner had the right to file his declaration in New York county if he was an actual resident of New York county, but because he found in favor of petitioner's view that he was at that time living in Bronx county.

If the issue, as the government contends, could be tried before me, I would find as a fact that, while the applicant was at the time he filed his declaration of intention living with his mother, his permanent residence was and continued to be in Bronx county.

The question upon this record is, whether the case of the application of Louis Hirschhorn, rendered in a judicial district composed of the counties of Bronx and New York, by a judge having jurisdiction to and sitting in both counties, can be set aside as having been within the meaning of section 15 of the Naturalization Act illegally procured.

This question presents itself in two phases:

(1) Whether this court can again inquire into the fact of residence, which has been by the judge of a court of co-ordinate jurisdiction presented to and determined in applicant's favor; and

(2) If it can, and petitioner's case is upon my finding that his residence, while within the judicial district of the judge granting him naturalization was in Bronx, and not in New York county, whether the word "district" as used in the Naturalization Act, the alien "shall declare on oath before the clerk of any court authorized" by this act "to naturalize aliens * * * in the district in which such alien resides, at least two years prior to his admission * * *" (section 4 [8 USCA § 373]), should be construed to mean "county"; it being the contention that it must be read "county" and of the defendant that it means the entire judicial district, no matter of how many counties composed.

The third paragraph of the third section of the Naturalization Act (8 USCA § 357) provides:

"The naturalization jurisdiction of all courts herein specified * * * shall extend only to aliens resident within the respective judicial districts of such courts."

Were it not for the fact that it seems to have been the settled rule of construction in the federal courts of the Eastern and Southern districts of New York that the word "district" should be construed to mean county, I should have dismissed the government's contention as wholly without merit.

[1] Confronted as I am by this array of judicial precedent, I am considerably embarrassed in arriving at a decision as to what my own course should be, especially in view of the general rule that a matter which is decided by any District Judge in this district should be, as a matter of comity, without re-examination by another judge, so decided, and that among the opinions presented to me is one from this district.

Since, however, this case is one in which the effect of my judgment will be to nullify a most substantial right enjoyed by the defendant under the sanction of a judgment of a court of co-ordinate jurisdiction with this, from whose judgment the government had a right to appeal if it had desired, and since, as appears not only from the judgment of the court, but from the record before me, the defendant was in all respects, except perhaps the point in controversy, qualified for, and entitled to, obtain his citizenship, and because I think it absolutely plain that the judgment of the court which admitted him is valid, I have concluded that I am judicially compelled

to decide the case upon my own opinion, much as I dislike to be in the position of declining to follow an opinion previously rendered in this court.

[2] Whatever may have been the law prior thereto, the decision of the United States Supreme Court in Tutun v. United States, 270 U. S. 568, 46 S. Ct. 425, 70 L. Ed. 738, settled that a petition for naturalization is a case within the meaning of the Judicial Code, that an order of the District Court granting or denying a petition for naturalization is a final decision, which is appealable and (except as affected by the authority granted by section 15 to file a petition in the proper judicial district in which the naturalized citizen may reside at the time of bringing the suit, to set aside the judgment of naturalization if the certificate was procured by fraud, or was illegally procured) such a judgment, rendered in such a case is entitled to full faith and credit. Tutun v. U. S., supra; United States v. Ness, 245 U. S. 322, 38 S. Ct. 118, 62 L. Ed. 321.

The question, then, which is under investigation here, is one of jurisdiction, conceding that to have jurisdiction all prerequisites provided in the United States Naturalization Act must be complied with. United States v. Ness, 245 U. S. 322, 38 S. Ct. 118, 62 L. Ed. 321.

[3] What is the situation here? That the defendant lived in the judicial district of the court to which he applied, and which accorded him naturalization, is admitted. That the judge of the court so according had jurisdiction by the law which created the district, and defined its powers throughout both Bronx and New York counties.

But it is contended that good administration requires that an applicant should apply in the county of the judicial district in which he resides, and not one in which he does not reside.

From the standpoint of administrative action that the practice ought to be, and of course naturally will be, for the applicant so to apply, is clear; but for this court to decline, as a matter of law, usurpation of jurisdiction, the act of a court having jurisdiction throughout the district in which the defendant resides merely because the defendant filed his declaration of intention in a county of that district in which he did not reside, is, in my opinion, permitting administrative considerations to rewrite the law.

If the word "county" appeared elsewhere in the Naturalization Act, it might be seized hold of in aid of this general purpose, but,

where the only word used is "district;" and this is in context after context, admitting of no construction except the one coextensive with the jurisdiction of the court referred to, to read "county" into the paragraph under discussion in place of "district" requires not only resort to the familiar expedient of wresting words from their context for service elsewhere, but to a more liberal and more unusual judicial expedient of rewriting, rather than reading, the law.

My reluctance in expressing these conclusions is accentuated by the fact that the very simplicity of the solution as it appears to me throws considerable doubt upon the correctness of my view; for, when a condition arises where one judge announces that the matter under investigation will not admit of a different conclusion, in the face of the fact that many other judges have arrived at and stated different conclusions, it may well be queried whether this is not the old case of eleven stubborn men against one reasonable juror, transferred to the judicial field.

[4] On the other question suggested at the beginning of this opinion, I am also of the view that, there being an issue of fact made before Judge Wagner as to what was the actual residence of plaintiff, and there being evidence to support a view favorable to the applicant, on an attack of this kind that question must be considered as resolved in favor of the jurisdiction.

Believing as I do, that the certificate was not illegally procured, but was legally granted, I have concluded plaintiff's petition must be denied.