Robert L. HAINES, Plaintiff,

v.

GENERAL MOTORS CORP., et al., Defendants.

No. C–1–82–1402.

United States District Court, S.D. Ohio, W.D.

Oct. 26, 1983.

On Application for Attorney Fees Aug. 8, 1984.

On Award of Attorneys Fees Dec. 3, 1984.

The defendants in this action are: Robert Haines, plaintiff and judgment debtor; Donna Haines, former wife of plaintiff and judgment creditor; Richard Jarvis, attorney for Mrs. Haines; Ed Schroeder, Clerk of Kenton County, Kentucky Circuit Court; General Motors Corp., employer and garnishee of plaintiff, and; Daniel Wall, a General Motors' employee who withheld the wages.

C.D. Mullenix, Cincinnati, Ohio, for plaintiff.

Thomas R. Schuck, Mark E. Elsener, Cincinnati, Ohio, Greg Holmes, Asst. Atty. Gen., Frankfort, Ky., for defendants.

## ORDER

### CARL B. RUBIN, Chief Judge.

This matter is before the Court on the Motions of defendants Richard Jarvis, Donna Haines, General Motors Corp. and Daniel Wall to Dismiss the Complaint for Lack of Subject Matter Jurisdiction. Fed.R. Civ.P. 12(b)(1). The named defendants as well as Ed Schroeder additionally move to dismiss for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Defendants General Motors Corp. and Mr. Wall also move for summary judgment under Rule 56, Fed.R.Civ.P. Finally, Mrs. Haines asserts a counterclaim for the child support judgment she was awarded in the Kenton Circuit Court of Kenton County, Kentucky. *Haines v. Haines,* No. 26137 (Ky.Cir.Ct. June 7, 1982).

Plaintiff Robert Haines contends that the defendants, while acting under color of state law, have violated his right to due process provided by the Fourteenth Amendment to the United States Constitution when his wages were garnished under Kentucky law without prior notice or hearing. Plaintiff presents claims based on 42 U.S.C. § 1983 and 15 U.S.C. § 1671 *et seq.,* as well as several pendent state claims.

## I. Subject Matter Jurisdiction

The Complaint states that the Court has federal jurisdiction over the case pursuant to 42 U.S.C. § 1983 and 15 U.S.C. § 1671 *et seq.* As the defendants point out, neither of these statutes is jurisdictional in nature. The Complaint does not refer to 28 U.S.C. § 1343(3) or § 1331 which do confer jurisdiction. "It is well settled that the recitation of a statute can neither deprive a court of jurisdiction nor confer jurisdiction upon it." *Beeler v. United States,* 338 F.2d 687, 689 (3d Cir.1964). The plaintiff does allege operative facts showing the grounds of federal jurisdiction under 42 U.S.C. § 1983 and the Court views plaintiff's failure to cite 28 U.S.C. § 1343(3) as an insufficient ground to dismiss the Complaint for lack of subject matter jurisdiction. *Olitsky v. O'Malley,* 453 F.Supp. 1052 (D.Mass.1978), *aff'd,* 597 F.2d 295 (1st Cir.1979); *Harris v. Arizona Board of Regents,* 528 F.Supp. 987 (D.Ariz.1981); Fed. R.Civ.P. 8(a)(1); *See Blanchard v. Terry & Wright, Inc.,* 331 F.2d 467, 468 (6th Cir. 1964). Since plaintiff's claim is not wholly insubstantial and frivolous, this Court has federal jurisdiction over the claim asserted under 42 U.S.C. § 1983. *Baker v. Carr,* 369 U.S. 186, 199, 82 S.Ct. 691, 700, 7 L.Ed.2d 663 (1962); *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Plaintiff's claim under the Consumer Credit Protection Act, 15 U.S.C. § 1671 is a different matter. Here, plaintiff fails to allege facts which demonstrate federal jurisdiction to consider this claim. Plaintiff contends that the percentage of his wages garnished exceeded the amount permitted

under the statute. A specific exemption from this ceiling, however, is provided in the Act for any order for the support of any person issued by a court of competent jurisdiction which affords substantial due process and is subject to judicial review. 15 U.S.C. § 1673(b)(1)(A). Mr. Haines' wages were withheld pursuant to a court order requiring him to pay child support arrears. No claim was made that the Kentucky Court did not afford him due process at this hearing nor that the Order was not subject to judicial review. Thus, plaintiff's claim under 15 U.S.C. § 1671 *et seq.* is clearly devoid of merit and it is dismissed for lack of subject matter jurisdiction. *Baker,* 369 U.S. at 199, 82 S.Ct. at 700; *Bell,* 327 U.S. at 682–83, 66 S.Ct. at 776; *Snapp v. United States Postal Service,* 664 F.2d 1329, 1331 (5th Cir.1982); Fed.R. Civ.P. (12)(b)(1).

## II. Summary Judgment

■ Once the Court has the jurisdictional power to hear the case, it is a separate matter whether the Complaint states a claim upon which relief may be granted. When matters outside the pleadings are presented to and not excluded by the Court, the Motion to Dismiss for Failure to State a Claim is regarded as a Motion for Summary Judgment. *Hildebrand v. Board of Trustees,* 607 F.2d 705, 709–710 (6th Cir.1979).

■ The summary judgment standard in this Circuit is a stringent one. Rule 56(c) permits the Court to grant summary judgment when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Tee-Pak, Inc. v. St. Regis Paper Co.,* 491 F.2d 1193, 1195 (6th Cir.1974). In deciding a Motion for Summary Judgment, the Court must construe evidence in a light least favorable to the movant and most favorable to the opposing party. *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir.1962). The Court must exercise extreme caution in disposing of complex cases on a Motion for Summary Judgment. *S.J. Groves & Sons Co. v. Ohio Turnpike Commission,* 315 F.2d 235, 237 (6th Cir.1963), *cert. denied,* 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963).

This case, not presenting any genuine issues of material fact, contains the following background. Mr. and Mrs. Haines resided in Kentucky, after marrying in 1964, until 1975 when Mr. Haines became an Ohio resident. On January 28, 1974, Mrs. Haines filed a Petition for Divorce in the Kenton County, Kentucky Circuit Court. On November 21, 1974, the marriage was dissolved and Mr. Haines was ordered to pay $250.00 in temporary support arrears and $70.00 per week child support for their two minor children. *Haines v. Haines,* No. 26137 (Ky.Cir.Ct. Nov. 21, 1974). Subsequently, plaintiff became delinquent in his support payments which resulted in litigation. On August 5, 1978, plaintiff executed a wage assignment for the child support payments pursuant to the Order of the Kenton County Court. Although General Motors had withheld $35.00 per week plus poundage for plaintiff's child support obligation pursuant to the Order, the child support arrearage was not yet paid and continued to remain so. (Affidavit of Haines, pps. 12–18).

On June 7, 1982, the Kentucky Court entered an order awarding a lump sum judgment for child support arrearage in the amount of $2,300.00. *Haines v. Haines,* No. 26137 (Ky.Cir.Ct. June 7, 1982). Both the plaintiff and Mrs. Haines were present at the hearing which resulted in the judgment ordering payment of the child support arrears. (Affidavit of Haines, pps. 23–23). Although there was no action taken by plaintiff to amend, vacate or appeal the judgment, the arrearage was not paid. Several months later Jarvis, acting in his capacity as attorney for Mrs. Haines, filed an Affidavit with Schroeder, Clerk of the Kentucky Court, seeking garnishment of plaintiff's wages for the $2,300.00 arrears, pursuant to Kentucky Revised Statutes § 425.501. *Haines v. Haines,* No. 26127

(Ky.Cir.Ct., Sept. 27, 1982). The Court issued a Garnishment Order which was served on General Motors' designated agent in Louisville, Kentucky. A copy of the Garnishment Order was delivered to plaintiff at work by his supervisor on October 5, 1982. General Motors withheld $99.23 from plaintiff's wages and the sum was paid to the Kentucky Court on October 8, 1982. The second garnishment occurred on October 29, 1982 and the third on November 16, 1982, with the plaintiff receiving notice of the garnishment each time. At no time during the garnishment procedure did plaintiff claim an exemption as provided in K.R.S. §§ 425.501(4), 427.050(2).

■ In determining whether the movant is entitled to judgment as a matter of law, the initial inquiry in a 42 U.S.C. § 1983 action must focus on whether the conduct complained of was committed by a person acting under color of state law and whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 532, 101 S.Ct. 1908, 1911, 68 L.Ed.2d 420 (1981). We will deal with these issues in reverse order.

Plaintiff contends that the garnishment proceedings fail to satisfy the Due Process Clause of the Fourteenth Amendment. Under the applicable [1] Kentucky statute, a post-judgment Order of Garnishment is available to the creditor upon filing an Affidavit with the Clerk of Court. K.R.S. § 425.501.[2] The Order of Garnishment must be served on the garnishee and a copy of it mailed or delivered by the garnishee to the judgment debtor. K.R.S. §§ 425.501, 425.506. The law additionally provides that the judgment debtor may, on return day, appear and claim any exemption from the garnishment. K.R.S. § 425.-501. However, no exemption exists for garnishment of wages when it is pursuant to a Court Order for support. K.R.S. § 427.010(3)(a).

■ The issue at bar is factually distinguishable from the pre-judgment deprivation line of authority proposed by plaintiff as controlling and is rather governed by the Supreme Court decisions addressing post-judgment actions. In *Endicott,* the Court held that due process did not require notice and an opportunity to be heard before the issuance of an *ex parte* writ to garnish a judgment debtor's wages. *Endicott Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924). A defendant who has been granted an opportunity to be heard, has had his day

---

**1.** The defendant was a resident of Kentucky at the time the debt and cause of action arose. (Affidavit of Haines, pps. 8, 12, 16–18, 24–24). K.R.S. § 427.050; *Hamilton v. Hamilton,* 476 S.W.2d 197, 201 (Ky.1972).

**2.** K.R.S. § 425.501 provides in part:

(1) Any person in whose favor a final judgment in personam has been entered in any court of record of this state may, upon the filing of an affidavit by him or his agent or attorney in the office of the clerk of the court in which said judgment was obtained showing the date of the judgment and the amount due thereon, and that one or more named persons hold property belonging to, or are indebted to, the judgment debtor, obtain an order of garnishment directed to the sheriff, with as many copies as the plaintiff may direct, requiring him to summon the garnishees named in the affidavit to answer in the manner and at the time required for an answer by the Rules of Civil Procedure, and to make due return thereof. The order shall be made re-

turnable as an order of arrest is directed to be returned ...

(3) The order of garnishment shall be served on the persons named as garnishees, and in addition a copy thereof shall be delivered by the garnishee to the judgment debtor or mailed to him at his last known address.

(4) The judgment debtor may on the return day, appear and claim the exemption of any property or debt that is exempt from execution, and on proof of exemption the garnishment shall be discharged as to the exempt property or debt.

(5) If the court finds the garnishee was, at the time of service of the order upon him, possessed of any property of the judgment debtor, or was indebted to him, and the property or debt is not exempt from execution, the court shall order the property or the proceeds of the debt applied upon the judgment.

(6) Subsequent orders of garnishment against the same or other garnishees may be issued in the same manner until the judgment is satisfied ...

in court and after judgment has been rendered against him is not entitled to further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. *Id.* at 288, 45 S.Ct. at 62. The defendant must take notice of what will follow the judgment and no further notice is necessary to advance justice. *Id.*

The *Endicott* principle was a basis for judgment in a later Supreme Court case. The plaintiff in *Griffin* obtained a 1926 modifiable judgment for divorce and alimony of $3,000.00 per year, payable in installments in a contested proceeding against the defendant. *Griffin v. Griffin,* 327 U.S. 220, 223, 66 S.Ct. 556, 558, 90 L.Ed. 635 (1946). Subsequently, the defendant moved his residence out of state and became delinquent in his alimony payments. *Id.* In 1935, plaintiff and defendant contested the issues of the alimony arrearage and defendant's alleged inability to pay the judgment. *Id.* at 223–24, 66 S.Ct. at 558–59. The 1936 Court Order awarded $18,500 for alimony arrears accrued from 1926 to October 25, 1935 plus interest to plaintiff. *Id.* at 224, 66 S.Ct. at 558. Plaintiff, in 1938, was granted a judgment for $25,-000.00 for arrears due from 1926 through 1938 in an *ex parte* execution proceeding where defendant received no notice. *Id.* at 224–25, 66 S.Ct. at 558–59.

Noting that the lawsuit in *Griffin* was based not on the 1926 decree but on the 1938 *ex parte* judgment, the Court distinguished between the enforcement of a judgment obtained with notice and an opportunity for a hearing and the enforcement of a judgment rendered without those elements. *Id.* at 229, 235, 66 S.Ct. at 560, 563; *Brown v. Liberty Loan Corp.,* 539 F.2d 1355, 1364 (5th Cir.1976). That portion of the 1938 judgment which awarded alimony and interest arising after October 25, 1935 pursuant to a proceeding not providing notice or an opportunity for a hearing was reversed. *Griffin,* 327 U.S. at 233,

66 S.Ct. at 562. The 1938 judgment was affirmed insofar as it confirmed the 1936 adjudication of the alimony and interest due as of October 25, 1935. *Id.* at 229, 66 S.Ct. at 560. "Due process does not require that notice be given before the confirmation of rights theretofore established in a proceeding of which adequate notice was given." *Id.* at 233–34, 66 S.Ct. at 562–63.

■ In this case, a 1974 judgment dissolved the plaintiff's marriage and ordered him to pay arrears and $70.00 per week for child support. Following plaintiff's further delinquency in payments, Mrs. Haines, in June, 1982, sued for the total of $2,300.00 arrears in the contested proceeding in which plaintiff had notice and an opportunity to be heard. The September, 1982 *ex parte* writ of garnishment was only for the $2,300.00 amount which was previously adjudicated in the June contested hearing at which plaintiff appeared. These facts are strikingly similar to those of *Griffin* where the Court upheld the portion of the 1938 *ex parte* proceedings for the $18,500.00 alimony arrearage which had been fully adjudicated in the 1935 contested hearing. *Id.* Therefore, under the principles established by the Supreme Court in *Endicott* and *Griffin,* plaintiff's Constitutional right to procedural due process was not violated when his wages were garnished following a fully contested proceeding in which he had notice and an opportunity to be heard. *Griffin,* 327 U.S. at 220, 66 S.Ct. at 556; *Endicott,* 266 U.S. at 285, 45 S.Ct. at 61.[3] As a result of plaintiff's failing one prong of the test under 42 U.S.C. § 1983, the inquiry is terminated and need not focus on the state action issue.

### III. Counterclaim

Mrs. Haines asserts a counterclaim against the plaintiff for the judgment she was awarded for child support arrears. *Haines v. Haines,* No. 26137 (Ky.Cir.Ct. June 7, 1982). Plaintiff concedes in his

3. Although other courts outside the Sixth Circuit have found the Supreme Court case of *Endicott* undermined by contemporary authority on procedural due process, this Court is bound to follow such controlling caselaw when it has not been overruled. *See Finberg v. Sullivan,* 634 F.2d 50, 56 (3d Cir.1980); *Brown,* 539 F.2d at 1364–65.

Answer that the Kenton County Court exercised personal jurisdiction over him as well as subject matter jurisdiction over the divorce action and any subsequent domestic proceedings.

At the May hearing leading to the June 7, 1982 judgment, both plaintiff and Mrs. Haines appeared with assistance of counsel. (Affidavit of Haines, pps. 23–24). Mrs. Haines had moved for a lump sum judgment of $2,300.00 in child support arrears and plaintiff had moved for a termination of support. After addressing both Motions, the Court denied plaintiff's Motion but awarded Mrs. Haines the $2,300.00 judgment.

■ The June Order, having not been appealed or modified, became a Final Judgment. *Haines v. Haines*, No. 26137, p. 1 (Ky.Cir.Ct. June 7, 1982); *Stewart v. Raikes*, 627 S.W.2d 586, 587 (S.Ct.Ky.1982); *Whitby v. Whitby*, 306 Ky. 355, 208 S.W.2d 68, 69 (1948), *overruled in part on other grounds, Knight v. Knight*, 341 S.W.2d 59 (Ct.App.Ky.1960).

■ Because a court of competent jurisdiction has entered a Final Judgment on the merits of the cause of action, the plaintiff and Mrs. Haines as parties to the suit are bound by the judgment under the doctrine of res judicata. *Commissioner v. Sunnen*, 333 U.S. 591, .597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The parties are precluded from relitigating the issues raised or those which could have been raised in the action. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). Therefore, the counterclaim is dismissed.

### IV. Conclusion

In sum, plaintiff's claim under the Consumer Credit Protection Act is hereby DISMISSED for lack of subject matter jurisdiction. After reading the evidence in the light most favorable to the plaintiff, the defendants have shown conclusively that there exists no genuine issue as to material fact and that they are entitled to judgment as a matter of law. Accordingly, the de-fendants' Motion for Summary Judgment is hereby GRANTED. Mrs. Haines' counterclaim is hereby DISMISSED. Finally, as a result of dismissing the federal claims prior to trial, the pendent state claims are hereby DISMISSED without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Nash & Assoc., Inc. v. Lum's of Ohio, Inc.*, 484 F.2d 392, 395–96 (6th Cir.1973).

IT IS SO ORDERED.

### ON APPLICATION FOR ATTORNEY FEES

This matter is before the Court on the Application for Attorney Fees by defendants General Motors Corporation (doc. no. 50), Daniel P. Wall (doc. no. 50), Richard Jarvis (doc. no. 51) and Donna Haines (doc. no. 52). This matter originally commenced in the state courts of Kentucky and involved an alleged arrearage of payments ordered by a state court. At no time has there been any dispute that the Kentucky courts had authority to enter such judgment or that garnishment proceedings existed under applicable Kentucky law.

Plaintiff and plaintiff's counsel elected to bring action against the General Motors Corporation and its Payroll Officer, Daniel Wall, Richard Jarvis as attorney for Donna Haines, the garnishing party, and Donna Haines. In an Order dated October 22, 1983, (doc. no. 37), this Court found that plaintiff's cause of action under the Consumer Credit Protection Act, 15 U.S.C. § 1671, was "clearly devoid of merit." Such claim was dismissed for lack of subject matter jurisdiction. (Doc. No. 37). Plaintiff's claim under 42 U.S.C. § 1983 was disposed of in the Order by the granting of summary judgment. (Id.).

■ This matter as it relates to the four persons seeking attorney fees clearly comes within the admonition of the United States Court of Appeals for the Sixth Circuit in *Tonti v. Petropoulous*, stating that "[t]his litigation represents yet another misuse of 42 U.S.C. § 1983 in an attempt to obtain federal jurisdiction. This civil rights statute was never intended as a catch-all

under which a myriad of suits traditionally within the exclusive jurisdiction of state courts can be brought in the federal courts." 656 F.2d 212, 216 (6th Cir.1981). Mr. Haines had ample opportunity to proceed within the state courts of Kentucky and elected instead to bring an action in the United States District Court against the General Motors Corporation and its Payroll Officer whose only activity had been a response to a lawful order of the state court and against Mr. Jarvis who acted, so far as the record indicates, appropriately as attorney for Donna J. Haines. An action such as this against such persons is clearly vexatious, unreasonable and without foundation.

Accordingly, the Motions of defendants General Motors, Daniel P. Wall, Richard A. Jarvis and Donna Haines for Attorney Fees are hereby GRANTED and counsel for such defendants are hereby DIRECTED to submit to the Court within 30 days of the date of this Order an itemized list of time expended and reasonable charges therefor. Such counsel are advised that the Court will follow the procedure outlined in *Northcross v. Board of Education*, 611 F.2d 624 (6th Cir.1980), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

The memoranda filed by defendants suggest conduct by plaintiff's counsel that might make him liable for the payment of attorney fees pursuant to 28 U.S.C. § 1927. Accordingly, plaintiff's counsel, Charles D. Mullenix, is hereby DIRECTED to show cause in writing within 15 days of the date of this Order why attorney fees should not likewise be assessed against him.

IT IS SO ORDERED.

## ON AWARD OF ATTORNEY FEES

This matter is before the Court under the following circumstances. Plaintiff Robert L. Haines brought action against Defendants General Motors Corporation, Richard A. Jarvis, Donna J. Haines, Daniel P. Wall and Ed F. Schroeder. Plaintiff asserted several causes of action arising out of the garnishment of his wages to satisfy a judgment entered in the state courts of Kentucky.

On October 26, 1983, this Court issued an Order granting summary judgment to the Defendants (Doc. 37). Plaintiff asserted causes of action under 42 U.S.C. Section 1983 and 15 U.S.C. Section 1671 *et seq.* Of specific significance to the matter at hand is a determination by the Court that the cause of action asserted under 15 U.S.C. Section 1671 *et seq.* (1982) is "clearly devoid of merit and it is dismissed for lack of subject matter jurisdiction...." That Order of this Court set forth in detail the factual background of this case. Applications for attorney fees were subsequently filed, and on August 8, 1984, this Court by Order (Doc. 53) granted attorney fees in principle and directed that the parties submit an appropriate request pursuant to *Northcross v. School Board of Memphis*, 611 F.2d 624, 626 (6th Cir.1980). The Court likewise considered the suggestion of Defendants that the conduct of Plaintiff's counsel might make him liable for payment of attorney fees pursuant to 28 U.S.C. Section 1927 (1982). Plaintiff's counsel was thereupon directed to show cause in writing why attorney fees should not likewise be assessed against him.

Plaintiff's counsel on August 21, 1984 submitted a memorandum in regard to such attorney fees (Doc. 56). Subsequently counsel for Defendants Richard A. Jarvis, Donna J. Haines, General Motors Corporation and Donald P. Wall submitted requests for specific attorney fees.

Fees under 42 U.S.C. Section 1983 (1982) are awarded to the prevailing party pursuant to 42 U.S.C. Section 1988 (1982). An award, however, to a prevailing defendant is considered under more stringent standard than an award to a prevailing plaintiff. *See Christianburg Garment Company v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

42 U.S.C. Section 1988 is not exclusive authority for such awards. The Supreme Court of the United States has recognized that attorney fees may be awarded

where a person has "acted in bad faith, vexatiously, wantonly or for oppressive reasons". *F.D. Rich Company v. Industrial Lumber*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974).

It is arguable, although only barely so, that Plaintiff's conduct pursuant to 42 U.S.C. Section 1983 does not warrant an award of attorney fees. It is not so arguable in regard to 15 U.S.C. Section 1671, the Consumer Credit Protection Act. That action was utterly devoid of merit and clearly vexatious.

■ The role of an attorney in a proceeding of this sort bears some examination. An attorney is not a mere scrivener. He does not produce pleadings at the whim of a client. He counsels and advises based upon his superior knowledge of which causes of action are meritorious and which are not. His responsibility to a client is not only to pursue legitimate claims with vigor, but to avoid filing meritless claims only to harass one's opponent. This balance is a professional obligation and should serve to separate the profession of law from the activities of the marketplace. An attorney who counsels and elects to participate in a cause of action that is clearly without merit does not do so from sanctuary. He bears a responsibility and, in the appropriate circumstances, attorney fees may be assessed against him as well.

■ The Court concludes that insofar as a claim was pursued under the Consumer Credit Protection Act both the Plaintiff and Plaintiff's counsel acted improperly.

This does not end the matter. This finding requires an attempt to divide defense counsel's activities between the two claims. The Court has examined the statements of fees (Docs. 59, 60, 61 and 62) and is unable completely to separate the two activities. In the examination of the fee requests, the Court determines that the total requested amount is reasonable, both as to amount per hour and the number of hours expended. Were the Court to determine that attorney fees should likewise be assessed for the Section 1983 claims, the total amount requested would be approved.

A division such as this is extremely difficult and approaches an arbitrary determination. From an examination of the pleadings in this matter, it appears to the Court that the substantial majority of activity was conducted in accordance with 42 U.S.C. Section 1983. Upon such conclusion, the Court finds that ten percent of the activities involved the Consumer Credit Protection Act.

Counsel for Defendants General Motors Corporation and Daniel P. Wall have presented a statement of attorney fees in the amount of $17,292.50 together with $762.10 in costs. The Court does award such counsel $1,729.25 together with $762.10 costs for a total award of $2,491.35.

Counsel for Richard A. Jarvis have presented a statement for attorney fees of $3,477.50 together with $55.15 costs and the Court will award attorney fees of $347.75 and costs of $55.15 for a total award to such counsel of $402.90.

Counsel for Defendant Donna J. Haines has submitted a bill of $3,536.00 together with $36.66 costs and such counsel will be awarded $353.60 for attorney fees plus $36.66 costs for a total award of $390.26.

A total award of $3,284.51 divided as above set forth is hereby entered against Robert L. Haines, Plaintiff and against C.D. Mullenix, his attorney.

IT IS SO ORDERED.