Yevonne **AGBUKE**, Plaintiff,

v.

**CATHOLIC SOCIAL SERVICES OF OAKLAND COUNTY, Defendant.**

Civ. A. No. 84–CV–3643–DT.

United States District Court, E.D. Michigan, S.D.

Oct. 28, 1985.

**20**

Bradley Raymond, Southfield, Mich., for plaintiff.

Joseph A. Sullivan, Detroit, Mich., for defendant.

### ORDER GRANTING DEFENDANT'S APPLICATION FOR ATTORNEYS' FEES

La PLATA, District Judge.

In her wrongful discharge Complaint based on the Elliott-Larsen Civil Rights Act[1] and Title VII of the Civil Rights Act of 1964, as amended,[2] Plaintiff, who worked for less than one year for Defendant, Catholic Social Services of Oakland County, claimed that her termination from employment was actuated by Defendant's race discrimination and/or retaliatory measures for her filing of a complaint with the Equal Employment Opportunity Commission. First employed as a secretary at Defendant's Farmington Hills office and later as a bookkeeper at the Pontiac office, Plaintiff was discharged, according to Defendant, for incompetence.

At the conclusion of the two and one-half day trial, the Court, in a verbal Opinion, held that Plaintiff's termination was solely attributable to her poor performance. A judgment of no cause for action was entered on October 16, 1985.

In its application for attorneys' fees, Defendant referred to the Court's specific finding that the case was frivolous and should not have been prosecuted. Defendant requests attorneys' fees in the amount

1. M.C.L.A. § 37.2101 *et seq.*

2. 42 U.S.C. § 2000a *et seq.*

3. 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

4. *Id.* at 421–422.

of $20,840.00 and costs in the sum of $412.74.

In *Christiansburg Garment Co. v. EEOC*,[3] the United States Supreme Court held that a trial court may award attorneys' fees to a triumphant defendant in a Title VII action where it finds that the case was "frivolous, unreasonable, or without foundation." In order for the Court to conclude that a claim was frivolous, it need not find that the Plaintiff instituted the action in bad faith.[4] The Sixth Circuit Court of Appeals recently held that the standards enunciated in *Christiansburg Garment Co.*, supra, apply to requests for attorneys' fees under civil rights actions, 42 U.S.C. § 1988, and Title VII matters, 42 U.S.C. § 2000e-5(K).[5]

Applying the guidelines embodied in *Christiansburg Garment Co.*, supra, the Court holds that Plaintiff's action was patently frivolous and meritless. Plaintiff's performance as a secretary and bookkeeper was far below the minimum requirements of a reasonable employer. Not only was Plaintiff deficient in spelling and typing, her attitude was deplorable.[6] Overwhelming, competent evidence was adduced by Defendant which established, clearly and convincingly, that Plaintiff was insubordinate, sluggish, and impertinent. It is noteworthy that when Defendant determined that Plaintiff was devoid of the minimum skills required for the secretarial position, it transferred her to another office to provide her with an opportunity to serve as a bookkeeper. Her performance as a bookkeeper was tantamount to that displayed by her as a secretary.

Without a doubt, the record establishes that Defendant's decision to terminate Plaintiff was neither motivated by race discrimination nor retaliation for her having

5. See *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir.1985).

6. For instance, when Plaintiff's supervisor at the Farmington Hills office attempted to introduce a truck driver to various staff members, Plaintiff increased the volume of her radio and left the room.

filed a complaint with the Equal Employment Opportunity Commission. Defendant exhibited great resolve in not terminating Plaintiff upon her consistent showing of gross inadequacy and an uncaring attitude. The Court specifically finds that the lawsuit was instituted by Plaintiff, *in propria persona,* solely to harass her former employer, who afforded her numerous opportunities to satisfy even the minimum level of effectiveness required for the two positions. Plaintiff did not, and apparently cannot, present any evidence in support of her claims that she was discharged on account of race discrimination and retaliation. This fact was known to Plaintiff at the time she instituted the civil rights complaint; in fact, by her testimony, Plaintiff revealed that she was unfit for the work assigned to her at the agency.

In reaching its determination that the action was frivolous, the Court does not suggest that Plaintiff's Court appointed attorney, Mr. Raymond, was at fault for Plaintiff's insistence in prosecuting the claims. Having graciously accepted the *pro bono* assignment, Mr. Raymond performed competently in a case where the particulars dictated only one outcome: a no cause for action verdict in favor of Defendant. Significantly, Plaintiff testified that she was unsuccessful in her numerous attempts to retain an attorney to represent her in her quest for damages against, what the Court considers to be, a fair, concerned employer.

Although it does not dispute that four members of Defendant's law firm expended two hundred seventy five hours defending the case, the Court, taking into consideration the uncomplicated nature of the lawsuit and the ease in which Defendant repelled the claims, declines to award the amount sought by Defendant, $20,840.00. Instead, the Court awards attorneys' fees in favor of Defendant against Plaintiff in the amount of $3,500.00.[7] Defendant's re-

quest for costs in the amount of $412.74 is DENIED.

So Ordered.

---

7. For a recent case in which a District Court awarded a similar amount to successful defendants in a Title VII action, see *Haines v. General*

*Motors Corp.,* 603 F.Supp. 471, 477–479 (W.D. Ohio 1983).