Vivian HUTCHINSON, Individually and on Behalf of All Persons Similarly Situated, Plaintiffs,

v.

Charles COX, Sheriff of Miami County, Ohio, Individually and on Behalf of All Persons Similarly Situated, and Jan A. Mottinger, Clerk of Courts of Miami County, Ohio, Individually and on Behalf of All Persons Similarly Situated, Defendants.

No. C-3-90-206.

United States District Court, S.D. Ohio, W.D. at Dayton.

Jan. 21, 1992.

Robert Gregory Park, Cincinnati, Ohio, for plaintiffs.

Thomas G. Petkewitz, Miami County Prosecutor's Office, Troy, Ohio, for defendants.

## OPINION AND DECISION

MICHAEL R. MERZ, United States Magistrate Judge.

Plaintiff Vivian Hutchinson brought this action pursuant to 42 U.S.C. § 1983 for a declaration that Ohio's post-judgment statutory procedure for execution on personal property is unconstitutional and for a permanent injunction against enforcement of those statutes. Because the challenged Ohio statutes deprive Plaintiff and those similarly situated of property without due process of law, the requested relief will be granted.

## PROCEDURAL POSTURE OF THE CASE

Plaintiff brought this action as a class action on behalf of herself and other Ohio judgment debtors similarly situated (Complaint, Doc. # 3). Prior to the initial scheduling conference, the parties unanimously consented to full magistrate judge authority under 28 U.S.C. § 636(c) to hear the case and enter judgment (Doc. # 9).

After Plaintiff moved for class certification, the Court notified the Attorney General of Ohio pursuant to 28 U.S.C. § 2403(b) of the State's right to intervene to defend the constitutionality of its statutes which are here questioned (Doc. # 14). After a new Attorney General was elected, the Court gave Alias Notice of the State's right to intervene to the new Attorney General (Doc. # 15). On March 1, 1991, the Attorney General decided not to intervene (Doc. # 16).

On July 1, 1991, the Court, on Plaintiff's motion, certified a plaintiff class consisting of all judgment debtors in the State of Ohio and defendant classes comprised of all Ohio

sheriffs and bailiffs and all Ohio clerks of court, except the Sheriff and Clerk of Court of Clermont County.[1] (Doc. # 17) Named Defendants Charles Cox and Jan Mottinger were ordered to give notice of the class certification to all members of the classes and certified to the Court that they had done so (Doc. # 19).

Counsel for the parties believe that this case can appropriately be decided on cross motions for summary judgment and have filed such motions (Doc. ## 25, 27) together with a Stipulation of Facts (Doc. # 26). Upon review of the motions and stipulation, the Court agrees that there are no genuine issues of material fact.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989).

## FINDINGS OF FACT

Plaintiff Vivian Hutchinson has been at all relevant times a judgment debtor as the result of a judgment taken against her in *Mars B. Adamson v. Vivian Hutchinson*, No. 88–CL–254363 (Clark County Muni.Ct.). Having transferred the judgment to the Miami County Common Pleas Court for execution, Mrs. Adamson filed a Praecipe for Execution on November 24, 1989 (Stipu-

lation, Joint Ex. A). The Praecipe specifically identifies the personal property to be seized, a 1974 blue Monte Carlo automobile. Defendant Clerk Mottinger issued a Writ of Execution the same day (*Id.*, Joint Ex. B). On December 5, 1989, Mr. Manning, a deputy of Defendant Sheriff Cox, served the writ on Mrs. Hutchinson. Since she did not have available money to satisfy the judgment, Deputy Manning seized the Monte Carlo.

Deputy Manning did not advise Mrs. Hutchinson that certain personal property is exempt from execution under Ohio law or of the procedure to be used to claim these exemptions. However, Mrs. Hutchinson shortly thereafter consulted an attorney at Rural Legal Aid who advised her of her exemption rights and asserted a claim to an exemption on her behalf (*Id.*, Joint Ex. C). This exemption claim was admitted by the judgment creditor who, however, sought to compel Mrs. Hutchinson to pay the Sheriff's costs before the car was released. The referee recommended a decision in favor of the judgment creditor on this issue (*Id.*, ¶ 28) which ultimately became the decision of the Common Pleas Court (*Id.*, ¶ 29).[2] However, Mrs. Hutchinson was finally able to convince Deputy Manning to release the car without prepayment of the costs on February 20, 1990 (*Id.*, ¶ 32).

The execution procedure followed by the named Defendants in this case was typical of the procedure followed generally in Miami County in post-judgment execution matters. During the relevant period of time pleaded in the Complaint, neither Clerk Mottinger nor Sheriff Cox provided judgment debtors in post-judgment execution proceedings with any written notice that some of their property might be exempt from execution under Ohio law or of any

1. The Sheriff and Clerk of Court of Clermont County were excluded because these officials are already under permanent injunction respecting their enforcement of Ohio post-judgment execution statutes. *Clay v. Fisher*, 584 F.Supp. 730 (S.D.Ohio 1984).

2. Mrs. Hutchinson initially sought review of that decision by this Court, but has now abandoned the claim (Plaintiff's Memorandum in

Opposition to Defendants' Motion for Summary Judgment, Doc. # 29). In any event, this Court lacks subject matter jurisdiction to review the judgment of a state court, even on constitutional grounds. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

procedure for claiming any such exemptions (*Id.*, ¶¶ 5, 6, 7, 20, 21, 22). If judgment debtors asked about their rights, the Sheriff's deputies advised them to consult an attorney. However, the deputies also made concerted efforts to get judgment debtors to satisfy the underlying judgment or make other arrangements with the judgment creditor so that property would not have to be sold (*Id.*, ¶ 23). In fact, during the relevant period, no individual debtor's personal property was sold, although it was held by the Sheriff pending sale (*Id.*, ¶¶ 23, 33). Thus while no debtor was finally deprived of his or her personal property, they lost the use of it until other arrangements were made. Furthermore, the record does not show why Sheriff Cox failed to proceed with sales of the seized property, as it was his apparent legal duty to do.

During and following the period pleaded, some members of the defendant classes, but not all of them, did issue notice to judgment debtors at the time of execution outlining their entitlement to exemptions and the procedure for claiming those exemptions (*Id.*, ¶ 35). Since the filing of this action, some additional class defendants have adopted such a practice, including the named Defendants (*Id.*, ¶¶ 36, 37).

### CONCLUSIONS OF LAW

■ Ohio Rev.Code Chapter 2329 provides the procedure used in this case for execution upon Mrs. Hutchinson's car and generally for execution of judgments. Ohio Rev.Code § 1901.23 authorizes Ohio municipal courts to issue writs of execution to their bailiffs, police officers, or the sheriff. Ohio Rev.Code § 1907.47 provides that executions issued from county courts shall be in accordance with Chapters 2327, 2329, 2331, and 2333. Ohio Rev.Code § 2329.02 permits the transfer of a judgment from any court of record to any other court of record and proceedings for collection as if the judgment were that of the transferee court, which was the process followed in *Adamson v. Hutchinson*, the underlying case.

Ohio Rev.Code § 2329.66 provides an extensive list of property which every person domiciled in the State may hold exempt from execution. These exemptions apply to all courts in the State. O.R.C. § 2329.-69.

However, nothing in Chapter 2329 or the execution-authorizing statutes for municipal and county courts requires that judgment debtors be given notice of the exemptions. Nor do the statutes provide any procedure for claiming any of the exemptions. Thus in acting as they did in issuing and enforcing execution on Mrs. Hutchinson's car, Defendants Mottinger and Cox violated no Ohio statutory law. Sheriff Cox's delay in appraisement and sale of personal property of individual debtors appears to be an attempt at accommodation of the interests represented by the exemption statute, but there is no statutory authority for this process.

Plaintiff asserts this statutory scheme deprived her of her property without due process of law, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. That Clause provides in relevant part:

> No State shall ... deprive any person of life, liberty, or property without due process of law....

42 U.S.C. § 1983 provides a remedy for deprivation of constitutional due process by persons acting under color of state law. Despite the fact that writs of execution are initiated by judgment creditors, it is undisputed that Defendants act under color of state law in issuing and enforcing those writs. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). This Court has subject matter jurisdiction of actions arising under § 1983 by reasons of 28 U.S.C. §§ 1331 and 1343.

The property interests protected from deprivation by the Fourteenth Amendment are in general those property interests created by the States. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The property interests at stake here are the rights to hold various forms or items of personal property exempt from execution to satisfy judgments, rights plainly created or recognized by Ohio in Ohio Rev.Code § 2329.66.

■ Considering an identical claim in *Clay v. Fisher*, 584 F.Supp. 730 (1984), Judge Spiegel of this Court declared Ohio Rev.Code Chapters 1917 and 2329 unconstitutional on their face and as applied by the Clerk of Courts and Sheriff of Clermont County and enjoined those officials from further enforcing those statutes. In the absence of supervening case authority from the Supreme Court or the Court of Appeals, this Court is bound, under the doctrine of *stare decisis,* to follow Judge Spiegel's decision. *United States v. Hirschhorn,* 21 F.2d 758 (S.D.N.Y.1927); Henry Campbell Black, *The Law of Judicial Precedents,* § 104 (1912).

In addition, independent analysis confirms the correctness of Judge Spiegel's decision, entirely part from *stare decisis.*[3]

In *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court prescribed the general method for analyzing whether particular procedures satisfy the requirements of due process:

> [O]ur prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S., at 334–35, 96 S.Ct. at 903.

The private interests at stake are that of the judgment creditor in prompt and efficient satisfaction of the judgment and that of the judgment debtor in retaining exempt property. Given the categories and amounts of property made exempt, the individual judgment debtor's interest will usually be in property necessary for sustenance and/or earning a living.

The present procedures create a serious risk of erroneous deprivation of possession of exempt property. With no notice of exemptions, debtors are unlikely to know independently that they have such rights; the items exempt from execution are hardly matters of common knowledge. Furthermore, the list of exempt property is quite extensive and in many cases depends on the value of the particular piece of property, rather than its nature alone. (See, e.g., § 2329.66(A)(3) exempting clothing, beds, and bedding, but not in excess of $200 in any one item, and stoves and refrigerators, but not in excess of $300 in any one item). The statutes provide for appraisement of the property *after* seizure, § 2329.68, so that a sheriff or bailiff may seize the property and the debtor may be deprived of the use of exempt property for some time before its is determined to be exempt.

The risk of erroneous deprivation is likely to fall most heavily on the poor. Those able to satisfy judgments against them will be likely to do so out of liquid assets, rather than waiting on their creditors to choose which of their assets to seize and sell. Furthermore, if they contested the entry of judgment, they probably have had access to an attorney who can advise them about their exemption rights. In contrast, the access of Ohio's poor to legal advice is woefully inadequate. Finding 3, *Thou Shalt Not Ration Justice: An Assessment of the Unmet Civil Legal Needs of Ohio's Poor,* Ohio State Bar Ass'n., 1991. Mrs. Hutchinson was quite fortunate in finding a lawyer promptly; *Id.,* Finding 4.

The additional procedural safeguards sought by Plaintiff would probably be of great value in avoiding erroneous deprivations. Once a debtor knows the exemptions to which he or she is entitled, there is no great procedural bar to asserting those exemptions. As Judge Spiegel notes, the same form which is used to advise of the

---

**3.** Defendant criticizes the *Clay v. Fisher* decision as uncontested and unappealed. While those two facts are true, Judge Spiegel carefully analyzed the issues involved rather than granting plaintiffs' summary judgment motion essentially as a matter of default.

exemptions can include a form for claiming them. In many instances, the claims will not be difficult to decide. The claim in this case, for example, was admitted by the judgment creditor without contest; everyone knows a rusty 1974 Monte Carlo is worth less than $1,000.

Lastly, we must weigh the governmental interests involved. Ohio surely has important interests in facilitating collection of judgments issued by its courts: an interest in safeguarding the efficacy of its civil justice system and an interest in providing complete justice to the person who recovered the judgment. It also has an interest, reflected in the very adoption of the exemption statute, in keeping its citizens self-sufficient and independent. Requiring notice of exemptions and a procedure for claiming them will balance these interests of the State in a rational way: presumably the State does not have and would not assert an interest in having debtors erroneously deprived of their exempt property. Finally, a notice requirement can be imposed with very little additional administrative or fiscal burden: since clerks are issuing and sheriffs delivering forms to judgment debtors already, all they need do is modify the form. Adjudicating additional exemption claims may impose some additional burden on the courts, but that is inescapable unless the debtor's claim of exemption or the creditor's denial of it is made conclusive, a move which would raise additional due process concerns.

Other judges, applying modern due process analysis to post-judgment execution statutes, have found them unconstitutional when they provide no notice of potential defenses and opportunity to be heard. See *Simler v. Jennings*, 23 Ohio Op.3d 554 (S.D.Ohio 1982) (Ohio's post-judgment garnishment statute unconstitutional); *Finberg v. Sullivan*, 634 F.2d 50 (3d Cir.1980) (same as to Pennsylvania post-judgment garnishment statute); *Dionne v. Bouley*, 757 F.2d 1344 (1st Cir.1985) (Rhode Island post-judgment attachment procedure unconstitutional on the same grounds); *Deary v. Guardian Loan Co., Inc.*, 534 F.Supp. 1178 (S.D.N.Y.1982) (New York post-judgment enforcement procedures violated due process and supremacy clause).

Defendants contend this case is governed by *Endicott–Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924). There the Supreme Court unanimously held that due process of law did not require notice to and opportunity for hearing by a judgment debtor prior to post-judgment garnishment of wages. *Endicott–Johnson* does not control the result here for a number of reasons.

First of all, the opinion rests upon a due process analysis which has long since been abandoned by the Supreme Court. Justice Sanford wrote:

> The words "due process of law," when applied to judicial proceedings, "mean a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights." *Pennoyer v. Neff*, 95 U.S. 714, 733, 24 L.Ed. 565, 572; *Scott v. McNeal*, 154 U.S. 34, 46 [14 S.Ct. 1108, 1112], 38 L.Ed. 896, 901, 14 Sup.Ct. Rep. 1108. They require a proceeding which, observing the general rules thus established, follows forms of law appropriate to the case and just to the parties affected; and which, whenever it is necessary for the protection of the parties, gives them an opportunity to be heard respecting the justice of the judgment sought.

266 U.S., at 288, 45 S.Ct. at 62. This mode of analysis exemplifies a belief that the meaning of due process of law is fixed by history or "immemorial usage," and that any process which comports with that historically provided is the process which is due. See, e.g., *Twining v. New Jersey*, 211 U.S. 78, 110–11, 29 S.Ct. 14, 53 L.Ed. 97 (1908); Sanford Kadish, *Methodology and Criteria in Due Process Adjudication: A Survey and Criticism*, 66 Yale L.J. 319 (1958). Even if *Endicott–Johnson* has not been explicitly overruled, its premises have been radically undercut by the Supreme Court's analysis in *Mathews*. See Tribe, *American Constitutional Law*, § 10–8 (2d ed. 1988).

Second, *Endicott–Johnson* is distinguishable. The Supreme Court there dealt with a post-judgment garnishment statute only applicable to persons earning more than $12 per week and then only to 10% of their earnings. The judgment creditor had to prove in advance of issuance of the writ that more than $12 per week was due and owing the debtor. Applying the *Mathews* analysis, there was less initial risk of an erroneous deprivation than there is in the Ohio statutory scheme and the interest of the wage earner in the exempt 90% of his earnings was better protected, because his employer was only ordered to pay over the non-exempt 10%. Finally, the debtor and his employer in *Endicott–Johnson* sought a hearing before issuance of the garnishment writ, creating the risk as the Supreme Court acknowledged that the debtor would dispose of the money. Plaintiff here seeks only a prompt post-execution hearing before a debtor's interest in the property is completely extinguished by sheriff's sale.

Defendants likewise rely on Judge Rubin's decision in *Haines v. General Motors Corp.*, 603 F.Supp. 471 (S.D.Ohio 1983), which upheld a Kentucky post-judgment garnishment statute against due process claims to pre-garnishment notice and hearing. However, that statute required that the judgment debtor be given notice of the garnishment and an opportunity to appear on answer day and claim any exemptions. 603 F.Supp. at 475. *Haines* is distinguishable in that Plaintiff here does not claim a right to pre-seizure notice or hearing. Furthermore, there was little likelihood of erroneous deprivation of exemptions in the *Haines* case since Kentucky law recognized no exemptions when the wage garnishment was for child support. *Id.*

Applying the *Mathews* test, then, this Court concludes that the provisions of Ohio Rev.Code Chapter 2329 permitting post-judgment execution against personal property without notice of potentially available exemptions and of the procedure for claiming them are unconstitutional on their face

in that they deprive debtors of their property interests in exempt property without due process of law. Plaintiffs are entitled to a declaratory judgment to that effect.[4] The fact that some of the class Defendants are voluntarily providing some notice cannot save the statutes, since some are providing no notice and none are under a legal obligation to do so.

As Judge Spiegel emphasizes in *Clay*, judgment debtors are also entitled as a matter of due process to a prompt post-seizure hearing. 584 F.Supp., at 733. This Court is extremely reluctant, however, to attempt to dictate in any injunction how prompt such a hearing must be. The need for dispatch in holding such a hearing will depend on how urgent the debtor's need is for the property (compare Mrs. Hutchinson's car with, e.g., a judgment debtor's $400 exempt interest in one item of jewelry, O.R.C. § 2329.66(A)(4)(c)) and how many other urgent due process hearings a particular court must conduct, given its available resources. See, e.g., *County of Riverside v. McLaughlin*, 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) (Due process requires that an arrested person be given a probable cause determination within 36 hours of arrest.) Adjustment of these varying needs for prompt hearings is best left to the judges who must provide them. If an absolute time limit is to be imposed, it should come from the Ohio General Assembly which at least can provide additional resources to meet any increased demand on judicial time.

Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED and Defendants' Motion for Summary Judgment is DENIED. Defendants will be permanently enjoined from issuing and enforcing post-judgment writs of execution on personal property property without contemporaneously advising judgment debtors of the exemptions allowed by law and that they may obtain a hearing on any claimed exemption by filing a motion claiming the exemption with the court issuing the writ. Plaintiff's counsel shall prepare and circulate a form

---

**4.** The Court implies no opinion with respect to Ohio's statutory provisions for post-judgment garnishment of wages or execution against land and tenements, which are not before it.

of final decree to Defendants' counsel not later than February 1, 1992.