**STATE ex READING (city) v McCARTHY**

Ohio Common Pleas, Hamilton Co

Decided Jan 15, 1935

Herbert Barnhorn, Cincinnati, for plaintiff.

Edward C. Hauer, Cincinnati, for defendant.

**OPINION**

By ALFRED MACK, J.

Plaintiff in this case seeks by mandamus to compel the clerk of courts to correct his docket and the papers in case No. A-41932 on the docket of this court, so as to show that the petition in said cause was filed on March 3, 1934, and not on March 2, 1934, as appears on the docket and

the filing marks on the petition in said case.

As a preliminary question it has been argued that mandamus is not the proper remedy. The court, however, is of the opinion that mandamus is the proper remedy if the plaintiff is entitled to such correction. As early as the case of **Hollister & Smith v Judges of the District Court of Lucas County, 8 Oh St 201**, it was decided that every court in the exercise of its supervisory and protecting charge over its records and the papers belonging to its files, has the power to direct the clerk to correct clerical errors. This may not only be done by writ of mandamus but on mere motion.

In the case of Vordun v The Cincinnati Street Railway Company, No. A-14932 on the docket of court, this court on February 18, 1931, directed the clerk to file and docket under its proper case number a motion for a new trial, which was filed within the time, but which erroneously bore an improper case number and was docketed under such erroneous case number.

See also **Greelish v Cincinnati Traction Co., 17 Oh Ap, 131**, in which case the appearance docket was corrected to show that a motion for a new trial was filed on January 1, 1921, instead of January 3, 1921.

As to the merits of the case, the following appears from the stipulation of facts:

Edward C. Hauer, attorney for defendant Jacob Smith, (plaintiff in said case No. A-41932) prepared the petition in said case and on March 2, 1934, about 4:20 P. M., requested the clerk to remain in his office after the usual closing hour of 4:30 P. M. for the purpose of enabling him to file such petition on said March 2, 1934. The clerk deemed the request unnecessary and offered his co-operation for the purpose of enabling the attorney to file said petition on said March 2, 1934. Accordingly the petition was delivered to the clerk at his residence in this county, which was not near the Court House, at 10:50 P. M. on said March 2nd. The clerk brought said petition to his office in the Court House on March 3rd at 8:40 A. M., and immediately stamped the petition as filed March 2nd, 1934, and the summons, docket entries, etc., bear said date of March 2, 1934. The clerk of courts refused to change said dates to March 3, 1934.

In support of the petition in the instant case it is claimed that the petition was not filed until the clerk brought the same to the Court House on March 3rd, and therefore the date should be corrected to show the filing, etc., on said March 3rd. Counsel cites **Taylor v Wallace, 7 O.D. Reprint, 328**, as authority. The opinion of the District Court of this county was delivered in that case at the April term 1877 by Avery, J. The action was one relating to a contest of election and whether or not the notice of appeal required to be filed in such case was filed within the proper time. The notice was handed to the clerk of courts at his private residence on the evening of November 4th. In holding that the notice was not filed on November 4th, when it was handed to the clerk at his private residence, the court said:

"If entering notice with the clerk is to hand a notice to the clerk at his private residence, then the proceeding would be begun there, and the case would be pending in the Court of Common Pleas before the papers had come to the clerk's office, and while the clerk was carrying them about, no matter for how long, in his coat pocket. The notice of appeal was entered on the appearance docket as of November 4, but the appearance docket is not conclusive."

The case was taken to the Supreme Court as reported in **31 Oh St, 151**, and the judgment of the district court was affirmed. That opinion finds that the notice was not filed within the required time even if filed when handed to the clerk as his residence. It was therefore not necessary, and the court did not specifically pass upon the question of whether the filing with the clerk at his residence, instead of at his office in the Court House, was a filing within the provision of the law on the date when the notice was handed to the clerk at his private residence.

It is argued that §11279, GC, which provides that "a civil action must be commenced by **filing in the office of the clerk of the proper court** a petition, and causing a summons to be issued thereon," is mandatory and that no petition can be filed except in the office of the clerk in the Court House.

Sec 2879, GC, should not be overlooked in considering this contention. Said provision is:

"The clerk shall enter upon the appearance docket **at the time of the commencement of an action or proceeding**, the names of the parties, etc. * * * **At the time it occurs** and under the case so docketed, he shall also enter the issue of the summons or other mesne process or order and the filing of each paper."

Bearing in mind the rule of construction that where the Legislature uses language limiting rights in the absence of such language, or uses language of specific requirement, it must be held that such language is used advisedly, it is the opinion of the court that the under- scored provision of §11279 GC, is a mandatory provision. Especially is this true in view of the underscored language of §2879 GC. Nor should it be overlooked in the consideration of the matter involved herein that this court has an official newspaper in which is published each day the filing of all actions on the preceding day and for which service a fee is taxed and paid by the plaintiff in each case.

It seems to the court that the provision of §11279 GC, is a most salutary one and that it is in accordance with the general practice in other states and the opinions of text-writers upon practice and procedure in courts.

Among the cases holding that a petition is not filed until it is filed with the clerk in his office are: Old Colony Street Ry. Co. v Thomas, 205 Mass., 529, 537; Hoyt v Stark, 134 Cal., 178; Bishop v People, 200 Ill., 33, 38. Such holding is in accordance with the opinions of eminent text-writers.

In **7 Ohio Jurisprudence, at page 679,** it is stated:

"However under modern practice, a paper whose filing carries notice, or affects private rights, must be deposited at the office of the proper officer, and it is not deemed to be filed if it is left with a janitor of the building after office hours, or if it is delivered to the clerk, authorized to receive it, at a place other than his office. But a paper left with the clerk out of his office becomes filed when he deposits it in his office. Such filing does not however relate back to the time when he received the paper."

In **8 Enc., of Pleading & Practice,** at page 924, it is stated:
"The mere delivery of a paper to the clerk at a place other than the office where it is required to be filed is not sufficient, even though the clerk place the proper indorsements upon it."

In **23 Ruling Case Law,** at page 185, it is stated:
"And accordingly, under modern practice, regardless of the varying phraseology of the statutes, in contemplation of law a paper whose filing carries notice, or affects private rights, is filed only when deposited with the proper officer at his office for this especial purpose, and it is not deemed to be filed when it is delivered to the officer authorized to receive it at a place other than his office and if he does so and indorses it as filed at the time of delivery his act is ineffectual. But a paper left with an officer out of his office becomes filed when he deposits it in his office. Such filing, however, does not then relate back to the time when he received the paper."

We are not unmindful that the eminent U. S., Circuit Court of Appeals for the 8th Circuit, in the case of People's Savings Bank & Trust Co. v Batchelder Egg Case Co., 2 U. S. C. C. A., 126, in construing an exactly similar provision of statutes of Arkansas held to the contrary. In that case the clerk of court went to the office of the attorney for plaintiff with a summons and his seal and issued an order of attachment, and summons to the marshal under his seal of office. The court sustained the attachment saying at page 140:

"Are the proceedings in such cases void because the complaints were not carried by the clerk and placed in his office before he issued process upon them? It not unfrequently occurs that the court room and the clerk's office are in different buildings more or less distant from each other. Must the clerk in such case, before issuing process upon petitions filed with him in the court house, leave his desk in the court room, and go to his office for the sole purpose of placing therein the petitions? Such a literal construction of the statute would be too narrow and technical for the practical and business methods that should obtain in the administration of the law. It would serve no useful purpose, but would frequently produce the most mischievous consequences. * * *

The defendant was not prejudiced in any manner by the fact that the complaint, affidavit and bond were not within the four walls of the clerk's office at the instant the order of attachment was issued and placed in the sheriff's hands."

With due deference, this court however is of opinion that such decision is not in accordance with the trend of authority and that it does violence to the express provisions of the statute which specifically holds that an action must be commenced by filing the petition in the office of the

682

clerk of the proper court.

It follows that an order will therefore issue to the clerk to correct the docket and papers in said case No. A-41932 on the docket of this court by ▮▮▮▮▮▮ ▮ showing that the petition was filed and docketed and summons issued on March 3, 1934 and not on March 2, 1934.

As the term of office of Peter J. McCarthy, clerk of courts, has expired an application will be entertained suggesting that he has been succeeded by Mr. Hunsicker, the present clerk, and making the present clerk a party to this proceeding.