The STATE of Ohio, Appellee,

v.

ELKINS, Appellant.

[Cite as *State v. Elkins,* 156 Ohio App.3d 281, 2004-Ohio-842.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–515.

Decided Feb. 24, 2004.

Ron O'Brien, Franklin County Prosecuting Attorney, and Jennifer L. Coriell, Assistant Prosecuting Attorney, for appellee.

Todd W. Barstow, for appellant.

---

McCormac, Judge.

{¶ 1} David Elkins, defendant-appellant, was convicted by a jury of two counts of aggravated robbery, four counts of robbery, two counts of felonious assault, one count of breaking and entering, three counts of theft, one count of possession of criminal tools, one count of failure to comply with an order or signal of a police officer, and nine counts of possession of drugs. Appellant was sentenced accordingly, all of which sentence was corrected by the trial court on remand to conform with the opinion of this court on a prior appeal with the exception of the additional penalty of five years based on the trial court's finding that appellant was a major drug offender. The enhanced sentence of five years is the only matter in dispute at this appeal.

{¶ 2} Appellant's sole assignment of error is as follows:

"The trial court failed to make the required findings in imposing a major drug offender sentence upon appellant."

{¶ 3} In the prior appeal to this court in an opinion in *State v. Elkins*, 148 Ohio App.3d 370, 2002-Ohio-2914, 773 N.E.2d 593, at ¶ 47, the court partially sustained appellant's third assignment of error, which pertained to the five-year sentence for being a major drug offender, and remanded the case to the trial court to reconsider that part of the sentence adding:

"[T]he trial court had an evidentiary basis for some, but not all, of its finding in support of its determination that the prison terms imposed were demeaning to the seriousness of the offense. Because we cannot determine from the record to what extent the improperly considered matters may have influenced the length of the term the trial court imposed on defendant pursuant to the major drug offender determination, we sustain defendant's third assignment of error to the limited extent of allowing the trial court to resentence defendant on the enhanced sentence resulting from defendant's major drug offender status."

{¶ 4} It is not the status of appellant as a major drug offender that is at issue but whether there is an evidentiary basis for the trial court's findings in regard to this sentence that motivated the trial court to impose the sentence of five additional years.

{¶ 5} In its original findings in regard to the enhanced sentence imposed upon appellant for being a major drug offender, the court stated as follows:

"[T]he Court takes notice of two relevant factors that made Elkins's conduct in committing this offense more serious than what normally constitutes the crime: (1) Elkins recruited his twenty-year-old son to assist him in committing this crime; and (2) Elkins attempted to inflict serious injury on police officers while fleeing the crime scene. Also, the Court finds that the victims of this offense, the owners of a small, family-operated pharmacy, have suffered serious physical, psychological and economic harm as a result of the offense. * * *"

{¶ 6} In the prior appeal, this court found no evidentiary basis to support the trial court's finding that appellant recruited his 20–year–old son to assist him in the commission of the crimes, pointing out that the only testimony in this regard was the son's testimony that he got himself in the trouble. Upon remand, the trial court did not consider this factor, as there was no further evidence offered that would indicate that the father was responsible for his adult son's involvement. Hence, this factor was properly eliminated from consideration by the trial court.

{¶ 7} In the prior appeal, this court found that there was sufficient evidence to support a finding that appellant attempted to inflict serious injury to police officers and that the evidence is relevant in supporting the trial court's finding that the prison terms imposed on appellant were demeaning to the seriousness of the offense. As we pointed out in *Elkins,* supra, even though there was no actual infliction of serious injury on police officers while fleeing the crime scene, the attempt in itself could be considered, pursuant to former R.C. 2929.12(A), as another factor that is relevant to achieving the purposes and principles of sentencing. Thus, both in the original sentence and upon remand, the trial court properly could consider the attempt as a factor supporting the imposing of an additional sentence term.

{¶ 8} The third factor relied upon by the trial court initially in its imposing of the five-year additional sentence and, once again, relied upon on remand, was that the victims of the crime (the owners of a small, family-operated pharmacy) have suffered serious physical, psychological, and economic harm as a result of the offense. In the original appeal, this court commented upon the evidence in that regard as follows:

"The record suggests that the pharmacy was unoccupied at the time of the breaking and entering and no evidence in the record suggests that the pharmacy owner suffered psychological trauma due to the offense. However, evidence supports a finding of property damage to the pharmacy and loss of inventory: the pharmacy owner testified concerning the loss of inventory and a pharmacy employee testified concerning damage to the pharmacy, even though no evidence was presented concerning the financial effects or economic harm of the crimes on the pharmacy owner, such as lost revenue due to defendant's

offenses, unreimbursed costs associated with defendant's offenses that may have not been covered by insurance, or any out-of-pocket expenses." *Elkins*, supra, at ¶ 46.

{¶ 9} The preceding comments by this court indicate that the only possibility for an enhanced sentence under this factor was that the victims (the pharmacy owners) suffered serious economic harm as a result of the offense. However, as pointed out by the evidence referred to in our prior opinion, the evidence adduced was insufficient to show *serious* economic harm even though there was a loss of inventory and property damage to the pharmacy. This court left that question open upon remand if proof of more serious economic harm than had been placed in evidence previously was provided. Since no additional evidence was offered on remand, the record is insufficient to show *serious* economic harm. From the record, it may well be inferred that it was only a weekend cleanup and rapid replacement of missing items that were required in order to place the pharmacy back in business as usual. However, the trial court continued to consider the economic harm factor, overlooking our reference to the weakness of the evidence in this respect. At the prior appeal, this factor was left open to provide an opportunity to resolve through additional evidence, if any, the seriousness of the harm.

{¶ 10} In summary, the trial court tended to rely upon a factor, serious economic harm to the victim, that is not supported by evidence. The only supporting factor is that appellant attempted to inflict serious physical injury on police officers while fleeing the crime scene, which is less a factor than the specifically stated factor of inflicting serious injury on police officers; however, it remains a factor that may be considered in determining the discretionary length of an additional sentence that might be imposed.

{¶ 11} Appellant's assignment of error is sustained to the extent that the case is remanded to the trial court for resentencing in regard to the length of the prison term, if any, to be imposed upon appellant for conduct demeaning to the seriousness of the offense. In doing so, the court should consider only the factor that appellant attempted to inflict serious injury on police officers while fleeing the crime scene. No further evidence should be taken in regard to this factor or any other factor.

{¶ 12} The judgment of the Franklin County Court of Common Peas is reversed, and this case is remanded to that court for further proceedings, consistent with this opinion.

Judgment reversed
and cause remanded.

PEGGY BRYANT and BROWN, JJ., concur.

JOHN W. MCCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.