THE STATE EX REL. ELKINS, APPELLANT, *v.* FAIS, JUDGE, APPELLEE.

[Cite as *State ex rel. Elkins v. Fais*, 143 Ohio St.3d 366, 2015-Ohio-2873.]

(No. 2014–1663—Submitted April 14, 2015—Decided July 21, 2015.)

**Per Curiam.**

{¶ 1} We affirm the Tenth District Court of Appeals' judgment dismissing a petition for a writ of procedendo to compel respondent-appellee, Judge David Fais, to hold a resentencing hearing for relator-appellant, David Elkins. Because Elkins had an adequate remedy at law, he is not entitled to a writ of procedendo.

{¶ 2} Elkins is an inmate who was convicted of robbery, aggravated robbery, felonious assault, possession of drugs, possession of criminal tools, breaking and entering, and failure to comply with an order of a police officer, totaling 20 counts in all.

{¶ 3} Judge Fais first sentenced Elkins in August 2001, imposing a 36–year prison term. Elkins appealed the sentence to the Tenth District Court of Appeals. On June 11, 2002, the court of appeals reversed and remanded for

resentencing. *State v. Elkins*, 148 Ohio App.3d 370, 2002-Ohio-2914, 773 N.E.2d 593 (10th Dist.). In April 2003, Judge Fais again sentenced Elkins to 36 years.

{¶ 4} Elkins appealed the sentence again, and the court of appeals once again remanded for resentencing. *State v. Elkins*, 156 Ohio App.3d 281, 2004-Ohio-842, 805 N.E.2d 203 (10th Dist.). Judge Fais again resentenced Elkins.

{¶ 5} Elkins appealed a third time, and the court of appeals again remanded for resentencing. *State v. Elkins*, 10th Dist. Franklin No. 05AP–480 (Mar. 9, 2006). In June 2006, Judge Fais held a resentencing hearing and issued a judgment entry sentencing Elkins for a fourth time. Elkins apparently did not appeal this sentence.

{¶ 6} Elkins filed this action in procedendo, requesting a writ ordering Judge Fais to hold a sentencing hearing in compliance with the court of appeals' June 11, 2002 judgment. Judge Fais filed a motion for summary judgment, arguing that the June 2006 sentencing addressed all of Elkins's sentencing issues. The court of appeals granted Judge Fais's motion for summary judgment and dismissed the case, finding that Elkins had an adequate remedy in the ordinary course of the law by way of appeal of Judge Fais's June 2006 judgment entry. Elkins appealed to this court.

{¶ 7} To be entitled to a writ of procedendo, Elkins must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995).

{¶ 8} "An appeal is an adequate remedy in the ordinary course of law that precludes an action for * * * procedendo." *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 12, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 250, 673 N.E.2d 1281 (1997), and *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1.

{¶ 9} Judge Fais's June 2006 judgment entry sentencing Elkins to prison was an appealable order. As the court of appeals held, Elkins had an adequate remedy in the ordinary course of the law by way of appeal of that order. The fact that Elkins did not appeal the June 2006 entry is irrelevant because Elkins had that remedy available to him. Therefore, he is not entitled to a writ of procedendo, and we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

David Elkins, pro se.

Ronald O'Brien, Franklin County Prosecuting Attorney, and Jeffrey C. Rogers, Assistant Prosecuting Attorney, for appellee.