[Cite as *State v. Watts*, 2016-Ohio-7072.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-196 |
| v. | : | (C.P.C. No. 12CR-1721) |
| Matthew K. Watts, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on September 29, 2016

_____

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Matthew K. Watts*, pro se.

_____

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Matthew K. Watts, appeals the decision and entry of the Franklin County Court of Common Pleas denying his motion for Crim.R. 52(B) asserting plain error. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On September 12, 2012, appellant pled guilty to three counts of gross sexual imposition, in violation of R.C. 2907.05, all offenses being felonies of the third degree. Two other counts were nolled. Appellant was represented by counsel and the prosecutor and appellant's counsel jointly recommended to the court that appellant be sentenced to five years in prison on each count, with counts one and two being served concurrently, but consecutively to count three, for a total of ten years. This recommendation is reflected in

the entry of guilty plea.  On the same day, the court accepted the recommendation and sentenced appellant to serve a total of ten years in prison.  Appellant did not appeal.

{¶ 3}   Almost two years later, appellant filed a motion for leave to appeal with this court.  We denied appellant leave in *State v. Watts*, 10th Dist. No. 14AP-550 (Aug. 28, 2014) (memorandum decision).  Three months thereafter, appellant filed a motion for modification of sentence with the trial court, which the trial court denied on December 30, 2014.  Four months thereafter, appellant filed another petition for postconviction relief, pursuant to R.C. 2953.21, and the trial court denied the same on December 4, 2015.  Finally, on February 10, 2016, appellant filed a motion for Crim.R. 52(B) asserting plain error.  The trial court denied the same on February 25, 2016.  Appellant timely appealed.

## II.  Assignments of Error

{¶ 4}   Appellant appeals and assigns the following four assignments of error for our review:

> I. TRIAL COURT FAILED TO CONDUCT A HEARING TO MAKE A DETERMINATION OF WEATHER [SIC] THE THIRD CHARGE WAS OF SIMILAR IMPORT.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES HEREIN.
>
> III. THE SENTENCE IMPOSED BY THE TRIAL COURT IS DISPROPORTIONATE AND HAS CAUSED AN UNNECESSARY BURDEN TO THE STATE OF OHIO.
>
> IV. THE SENTENCING COURT ERRED IN SENTENCING DEFENDANT TO A MANDATORY SENTENCE AND THE SENTENCES ARE CONTRARY TO OHIO SENTENCING LAWS.

Appellant's assignments of error are interrelated and we will address them together.

## III.  Discussion

{¶ 5}   To begin, we note that this court is not aware of any such motion for "criminal rule 52(B) asserting a plain error." (Emphasis omitted.)  (Feb. 10, 2016 Motion.)  Nevertheless, given the procedural history of this case, we construe this motion as a petition for postconviction relief.  It appears plaintiff-appellee, State of Ohio, has done the

same in its brief. Ohio's process for seeking postconviction relief from a criminal conviction is set forth in R.C. 2953.21. R.C. 2953.21(A)(1)(a) provides:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 6} We review a trial court's ruling on a petition for postconviction relief under an abuse of discretion standard. *State v. Banks*, 10th Dist. No. 10AP-1065, 2011-Ohio-2749, ¶ 11, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679. An abuse of discretion occurs where a trial court is "unreasonable, arbitrary or unconscionable" in reaching its decision. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} "In any proceeding except a direct appeal from that judgment, the doctrine of res judicata bars convicted defendants who were represented by counsel from raising or litigating any defense or alleged due process violation resulting in a conviction, where that defense or error was previously raised (or could have been raised) on direct appeal." *State v. Bethel*, 10th Dist. No. 07AP-810, 2008-Ohio-2697, ¶ 18, citing *State v. Cole*, 2 Ohio St.3d 112, 113 (1982).

{¶ 8} Furthermore, res judicata applies to bar the raising of merger issues. *State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844, ¶ 38, citing *State v. Ayala*, 10th Dist. No. 12AP-1071, 2013-Ohio-1875, ¶ 13-14. " '[T]he res judicata bar applies to any post-judgment proceeding other than the direct appeal challenging a conviction including motions to "modify" a sentence. Since appellant could have raised merger issues at the time of sentencing or thereafter on direct appeal, those issues are barred.' " *Id.*, quoting *Ayala* at ¶ 13. A claim of error and failing to merge counts for sentencing purposes is not a void sentence issue. *State v. Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 12. "Merger claims are non-jurisdictional and barred by res judicata." *Monroe* at ¶ 38, citing *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479.

{¶ 9} The state argues that appellant also could have raised on direct appeal the sentencing error claims contained in his motion now and that these claims are therefore

barred by the doctrine of res judicata. We agree. The trial court entered final judgment in this case on September 12, 2012. Appellant did not appeal. He is therefore barred by res judicata from raising his sentencing error claims now.

{¶ 10} We also note that a defendant seeking to challenge a conviction or sentence through a petition for postconviction relief under R.C. 2953.21 is not automatically entitled to a hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999); *State v. Jackson*, 64 Ohio St.2d 107 (1980). To warrant an evidentiary hearing on a petition for postconviction relief, a petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C); *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 24. A trial court may also dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *State v. Montgomery*, 10th Dist. No. 13AP-1091, 2014-Ohio-5756, ¶ 16-18, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus, approving and following *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 11} The trial court did not abuse its discretion in not holding a hearing and in denying appellant's motion for Crim.R. 52(B) asserting plain error. Accordingly, we overrule appellant's first, second, third, and fourth assignments of error.

## IV. Conclusion

{¶ 12} For the reasons stated above, we overrule appellant's four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgement affirmed.*

TYACK and BRUNNER, JJ., concur.