[Cite as *State v. Elkins*, 2020-Ohio-6759.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-182 |
| v. | : | (C.P.C. No. 00CR-7245) |
| David Elkins, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 17, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *David Elkins*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, David Elkins, appeals from a March 3, 2020 entry of the Franklin County Court of Common Pleas denying his February 20, 2020 Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm.

### I. Facts and Procedural History

{¶ 2} The Supreme Court of Ohio has summarized some of the procedural history related to appellant's case:

> Elkins is an inmate who was convicted of robbery, aggravated robbery, felonious assault, possession of drugs, possession of criminal tools, breaking and entering, and failure to comply with an order of a police officer, totaling 20 counts in all.
>
> [The trial court] first sentenced Elkins in August 2001, imposing a 36-year prison term. Elkins appealed the sentence to the Tenth District Court of Appeals. On June 11, 2002, the

court of appeals reversed and remanded for resentencing. *State v. Elkins*, 148 Ohio App.3d 370, 2002-Ohio-2914, 773 N.E.2d 593 (10th Dist.). In April 2003, [the trial court] again sentenced Elkins to 36 years.

Elkins appealed the sentence again, and the court of appeals once again remanded for resentencing. *State v. Elkins*, 156 Ohio App.3d 281, 2004-Ohio-842, 805 N.E.2d 203 (10th Dist.). [The trial court] again resentenced Elkins.

Elkins appealed a third time, and the court of appeals again remanded for resentencing. *State v. Elkins*, 10th Dist. Franklin No. 05AP-480, 2006-Ohio-3997 (Mar. 9, 2006). In June 2006, [the trial court] held a resentencing hearing and issued a judgment entry sentencing Elkins for a fourth time. Elkins apparently did not appeal this sentence.

*State ex rel. Elkins v. Fais*, 143 Ohio St.3d 366, 2015-Ohio-2873, ¶ 2-5.

**{¶ 3}** In *Elkins*, the Supreme Court affirmed our dismissal of a request for a writ of procedendo filed by Elkins asking this court to order the trial court to resentence him yet again. *Id.* Appellant has filed various other motions with the trial court which have been denied.

**{¶ 4}** On February 20, 2020, appellant filed a Civ.R. 60(B) motion for relief from judgment and "judicial notice pursuant to Article III" in the docket of this criminal case No. 00CR-7245. In his motion, appellant alleged that: (1) the Franklin County Clerk of Courts Maryellen O'Shaughnessy has willfully and fraudulently sent criminal entries to the cashiers office at the Ohio Department of Rehabilitation and Correction ("ODRC cashier") as if they were a "civil garnishment court order," and (2) as a result, the ODRC cashier's staff is removing some of appellant's funds without a proper civil garnishment order. In his brief, appellant argues ODRC cashier's staff is improperly deducting "10% - each time a deposit is posted, that exceed Twenty Five ($25) Dollars Pre Monthly, toward a debit of (state the amount) until this bill is paid in full" because there is no " ' ORDER,' giving them the authority to remove money from the Appellant's Prison Account." (Sic passim.) (Appellant's Brief at 1.) Appellant asks this court to " ISSUE[] An ORDER, ORDERING [the Clerk of Courts] and her Staff to ' WITHDRAW' those 'Entries,' her and her staff sent

to the [ODRC cashier] at the Marion Correctional Institution." (Sic passim.) (Appellant's Brief at 5.)

{¶ 5} On March 3, 2020, the trial court denied appellant's motion stating simply "[s]aid motion is hereby **DENIED**."  (Emphasis sic.)

{¶ 6} Appellant timely appealed.

## II. Assignments of Error

{¶ 7} Appellant appeals and assigns the following five assignments of error for our review:

> I. The Court Was In Error And The Appellan[t] Was Prejudice. When The Court Fail To Acknowledge, Respect, Obey And Uphold. YARDAS Vs UNITED STATES, 899 F.2d 550 (1992).
>
> II. The Court Was In Error And The Appellant Was Prejudice. When The Court Fail To Acknowledge, Respect, Obey And Up Hold. HUTCHINSON Vs COX, 784 F. Supp. 1339 (1992).
>
> III. The Court Was In Error And The Appellant Was Prejudice. When The Court Fail To Acknowledge, Respect, Obey And Up Hold. LYNN Vs LIMBERT, 690 N.E.2d 102 (1997).
>
> IV. The Court Was In Error And The Appellant Was Prejudice. When The Court Fail To Acknowledge, Respect, Obey And Up Hold. O.R.C. Section §2329.66 As Filed Before The Lower Court As A Matter Of Law.
>
> V. The Court Was In Error And The Appellant Was Prejudice. When The Court Willfully Denied Appellant's Pleading Six (6) Days After The State's Response, Denying The Appellant An Opportunity To Opposed.

(Sic passim.)

## III. Analysis

{¶ 8} Appellant argues in his first, second, third, and fourth assignments of error that the trial court erred in failing to acknowledge two federal cases, one Ohio case, and one Ohio statute, R.C. 2329.66.

{¶ 9} *Yardas v. United States*, 899 F.2d 550, 552 (6th Cir.1990), involved a non-prisoner plaintiff and addressed the issue of priority between a federal tax lien and a judgment creditor's lien. *Hutchinson v. Cox*, 784 F.Supp. 1339, 1344 (S.D.Ohio 1992), involved a non-prisoner plaintiff/class action and addressed the constitutionality of certain

provisions of R.C. Chapter 2329. *Lynn v. Limbert*, 117 Ohio App.3d 236, 239 (7th Dist.1997), involved a prisoner plaintiff's request for a writ of prohibition against a trial judge who confiscated and required forfeiture of a check the prisoner received as a settlement in a personal injury action. Appellant's arguments regarding how these cases apply to his case are difficult to decipher.

{¶ 10} The statute, R.C. 2329.66, states in relevant part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

* * *

(3) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person, other than personal earnings.

{¶ 11} Appellant argues this exemption applies to him and that the prison cashier is illegally removing funds from his account to pay the court costs the trial court required him to pay in his criminal case in violation of this statute because he does not have $400 in his prison account.

{¶ 12} We need not address the merits of appellant's arguments with regard to R.C. 2329.66, or with regard to the case law referenced above as appellant has not followed the proper procedure for: (1) requesting the clerk of courts to perform an action, or (2) contesting the ODRC cashier's collection of costs imposed in the criminal case.

{¶ 13} To the extent appellant is asking the court to order the clerk of courts to perform an act, i.e., withdraw entries, he has not followed the appropriate procedure for making such a request by filing a Civ.R. 60(B) motion in his criminal complaint. *See, e.g.*, *Gaines Reporting Serv. v. Rosenberger*, 6th Dist. No. L-79-030 (Oct. 12, 1979) ("If the Toledo Municipal Court and the clerk of courts has a clear mandatory duty to accept for filing the counterclaim of defendant, the appropriate remedy for defendant is a proceeding seeking a writ of mandamus ordering the Clerk of the Toledo Municipal Court to accept the counterclaim for filing[,] [s]ince the present appeal is not the proper remedy."); *State ex rel. Reading v. McCarthy*, 1 O.O. 498 (C.P. Hamilton Co.1935), syllabus ("1. Mandamus is

a proper remedy to compel a clerk of court to correct the date on the docket and papers in a case when a petition was filed."). Therefore, the trial court did not err in denying appellant's motion to the extent it asked the court to order the clerk of courts to perform an act, i.e., withdraw entries.

{¶ 14} To the extent appellant is alleging the ODRC cashier is improperly withdrawing funds from his account, he also has not followed the appropriate procedure for making such an allegation by filing a Civ.R. 60(B) motion in his criminal complaint. Recently, this court considered the appeal of a trial court's denial of a prisoner's motion to waive fines and court costs and "to order the prison to maintain at least $400 in his prison account." *State v. Braden*, 10th Dist. No. 17AP-48, 2017-Ohio-7903, ¶ 4, *rev'd on other grounds*, 158 Ohio St.3d 462. On appeal, appellant asserted "the trial court should have found the Ohio Department of Rehabilitation and Correction ("DRC") was improperly taking funds from his inmate account." *Id.* at ¶ 6. In *Braden*, we stated:

> Moreover, to the extent [appellant's] motion challenges the manner or method of collection of the costs by DRC or the prison warden, we note that neither DRC nor the warden is a party to this action, and, thus, [appellant's] motion is an improper means to challenge the collection process. *State v. Good*, 10th Dist. No. 03AP-549, 2004-Ohio-1736, ¶ 6 * * *. [Appellant] must file an original action pursuant to Civ.R. 3(A) in order to challenge the collection procedure being used to take funds from his inmate account. *Id.* at ¶ 5-6 (noting "any type of motion * * * is insufficient to commence an action" and that an inmate "must file an original action pursuant to Civ.R. 3(A)" in order to properly invoke the trial court's jurisdiction). Thus, the trial court did not err in denying [appellant's] motion with regard to the collection procedures.

*Id.* at ¶ 10.

{¶ 15} Our holding in *Braden* applies to appellant's Civ.R. 60(B) motion in this case as well. The essence of appellant's motion is that ODRC's cashier is improperly withdrawing funds from his account. Therefore, the trial court did not err in denying appellant's motion to the extent it alleges that the ODRC cashier is improperly withdrawing funds from his account.

{¶ 16} Accordingly, we overrule appellant's first, second, third, and fourth assignments of error.

{¶ 17} Our resolution of the first four assignments of error, renders error, as asserted in appellant's fifth assignment of error, if any, to be non-prejudicial. Furthermore, error, if any, was non-prejudicial because appellant's "opposition" to the state's memorandum contra was filed March 17, 2020, 19 days after the state's memorandum contra filed February 26, 2020. Loc.R. 21.01 of the Franklin County Court of Common Pleas provides a movant 7 days from the date of any memorandum contra to file a reply.

{¶ 18} Accordingly, we overrule appellant's fifth assignment of error.

## IV. Conclusion

{¶ 19} Having overruled appellant's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., & NELSON, J., concur.