[Cite as *State v. Elkins*, 2021-Ohio-1271.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-411 |
| | | (C.P.C. No. 00CR-07245) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| David Elkins, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 13, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *David Elkins,* pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, David Elkins, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion for nunc pro tunc judgment. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} By indictment filed December 22, 2000, plaintiff-appellee, State of Ohio, charged Elkins with 26 counts related to the robbery of a pharmacy and his subsequent conduct in fleeing the scene. Following a jury trial, the trial court convicted Elkins in 2001 of 20 total counts, including robbery, aggravated robbery, felonious assault, possession of drugs, possession of criminal tools, breaking and entering, and failure to comply with an order of a police officer. The trial court imposed a 36-year prison term. Elkins appealed

his conviction, and this court reversed and remanded for resentencing. *State v. Elkins*, 148 Ohio App.3d 370, 2002-Ohio-2914 (10th Dist.).

{¶ 3} The trial court resentenced Elkins in April 2003, again imposing a sentence of 36 years. Elkins again appealed, and this court again remanded for resentencing. *State v. Elkins*, 156 Ohio App.3d 281, 2004-Ohio-842 (1oth Dist.)

{¶ 4} On remand, the trial court resentenced Elkins again in an April 13, 2005 judgment entry. Elkins appealed, and this court issued a judgment entry remanding the matter for a third resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. The trial court then conducted a third resentencing hearing in June 2006 and issued a June 23, 2006 judgment entry sentencing Elkins for the fourth time to a total prison term of 31 years. Elkins did not appeal the June 23, 2006 judgment entry.

{¶ 5} In the ensuing years, Elkins filed a series of post-judgment motions. More recently, in 2017, Elkins filed two motions for "sentencing," raising a number of issues related to his sentence that he asserted rendered his 2006 judgment of conviction void. The trial court denied these motions, finding res judicata barred his arguments and that the arguments lacked merit. This court dismissed Elkins' subsequent appeal as untimely.

{¶ 6} In 2018, Elkins filed a motion for resentencing, again asserting various challenges to his sentence that he alleged resulted in a void sentence. The trial court denied his motion, again finding res judicata barred his arguments challenging his sentence and that the arguments lacked merit.

{¶ 7} In 2019, Elkins filed a motion to correct an erroneous judgment entry seeking modifications to his sentence. The trial court denied the motion. Elkins filed an untimely appeal, and this court dismissed his appeal as such.

{¶ 8} In the instant matter, Elkins filed a "motion for nunc pro tunc judgment" on July 2, 2020, asking the trial court to "correct" the judgment entry in his case to reflect "the truth," which he determined to be an 11-year sentence rather than the 31 years imposed in the 2006 judgment entry. (Mot. for Nunc Pro Tunc Jgmt. at 5.) The trial court denied his motion in an August 12, 2020 decision and entry. Elkins timely appeals.

## II.  Assignments of Error

{¶ 9}  Elkins assigns the following errors for our review:

1. The Trial Court failed to correct the record in order that the record speaks the truth, pursuant to the requested Nunc Pro Tunc Judgment of the Appellant.

2. The Trial Court failed to adjudicate, in favor of the Appellant, Appellant's "unopposed" claim, that officer(s) of the court, did knowingly and willingly, "conspired" to deprive the Appellant of his statutory right to Allied Offenses, R.C. 2941.25(A), contrary to and in direct violation of R.C. 2921.45.

3. The Trial Court failed to adjudicate, in favor of the Appellant, Appellant's "unopposed" claim, that officer(s) of the court, did knowingly and willingly, committed "fraud upon the court", in imposing a "shotgun conviction and sentence" upon the Appellant, contrary to and in violation of both, R.C. 2941.25(A) and R.C. 2921.45.

4. The Trial Court failed to adjudicate, in favor of the Appellant, Appellant's "unopposed" claim, that officer(s) of the court, did knowingly and willingly, "disregarded" the mandates and directives, of R.C. 2941.25(A), when imposing the "Shotgun Conviction and Sentence" upon Appellant, thereby making such "attempted" judgment, a [nullity] and void ab initio.

## III.  Analysis

{¶ 10}  Elkins' four assignments of error are interrelated, and we address them jointly.  Taken together, his four assignments of error assert the trial court erred in denying his motion for a nunc pro tunc judgment.

{¶ 11}  "[A] trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 14, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19, citing Crim.R. 36.  "A clerical error or mistake refers to ' "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." ' " *Miller* at ¶ 15, quoting *Cruzado* at ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-20 (3d Dist.2000).

{¶ 12} While courts possess inherent authority to correct clerical errors in judgment entries to ensure the record "speaks the truth," a court's use of nunc pro tunc entries is limited to reflecting what the court actually decided, not what the court might have or should have decided. *State v. Kilgore*, 10th Dist. No. 11AP-660, 2012-Ohio-1316, ¶ 9, quoting *Miller* at ¶ 15, citing *Cruzado* at ¶ 19. *See also* Crim.R. 36 (stating "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). "[D]etermining whether a correction amounts to a clerical error, or something more, involves determining whether the change 'entails a substantive legal decision or judgment and is not merely a mechanical part of the judgment.' " *Kilgore* at ¶ 11, quoting *Miller* at ¶ 16.

{¶ 13} Here, Elkins sought a nunc pro tunc entry that would reduce his overall sentence from 31 years to 11 years. Though Elkins attempted to frame this reduction in sentence as reflecting the "truth" of the record by relying on selected portions of the transcript of the original sentencing hearing, a review of the record reveals what Elkins really seeks is a substantive review of his sentence. (Mot. for Nunc Pro Tunc Jgmt. at 5.) Such a substantive change is not merely clerical in nature and is not appropriate for correction by nunc pro tunc entry.

{¶ 14} Moreover, to the extent Elkins wished to challenge the duration of his sentence or raise issues related to the merger of certain offenses, Elkins did not file an appeal from his 2006 resentencing entry. None of Elkins' arguments allege or demonstrate that his sentence was void, and, thus, res judicata operates to bar Elkins' arguments related to his sentence at this time. *State v. Jennings*, 10th Dist. No. 18AP-139, 2020-Ohi0-5154, ¶ 7 (noting that, with the exception of collateral challenges to a void judgment, res judicata operates to bar post-conviction motions alleging errors in the imposition of a sentence), quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16 (" '[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings' "); *see also State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42 (when the sentencing court has jurisdiction to act, sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal"). Accordingly, the trial court did not err in denying Elkins' motion for nunc pro tunc judgment. We overrule Elkins' four assignments of error.

## IV.  Disposition

{¶ 15}   Based on the foregoing reasons, the trial court did not err in denying Elkins' motion for nunc pro tunc judgment as the changes Elkins' sought were substantive legal changes not appropriate for correction by nunc pro tunc entry.  Having overruled Elkins' four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BEATTY BLUNT, JJ., concur.