[Cite as *State v. Elkins*, 2023-Ohio-4521.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-93 |
| v. | : | (C.P.C. No. 00CR-7245) |
| David Elkins, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on December 12, 2023

_____

**On brief:** [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Paula M. Sawyers*, for appellee.

**On brief:** *David Elkins*, pro se.

_____

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, David Elkins, appeals the decision of the Franklin County Court of Common Pleas denying his motion for nunc pro tunc correction of a 2006 resentencing entry. Because the doctrine of res judicata bars Elkins's challenge to the resentencing entry, we affirm the trial court's judgment.

**I. FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} In August 2001, following a jury trial, Elkins was convicted of two counts of aggravated robbery, four counts of robbery, two counts of felonious assault, one count of breaking and entering, one count of possession of criminal tools, one count of failure to comply with an order or signal of a police officer, nine counts of possession or aggravated possession of drugs, and a major drug offender specification that was attached to one count (Count 12) of aggravated possession of drugs. After merging allied offenses of similar import, the trial court sentenced Elkins to an aggregate prison term of 36 years. As relevant

here, the aggregate sentence included a sentence of 10 years on Count 12, consecutive to the sentences imposed on Counts 1, 7, and 11, and five additional years on the major drug offender specification relating to Count 12.

{¶ 3}    In Elkins's direct appeal, this court affirmed in part and reversed in part the trial court's judgment, and we remanded the case for resentencing.  *State v. Elkins*, 148 Ohio App.3d 370, 2002-Ohio-2914 (10th Dist.)  With respect to the sentence imposed on the major drug offender specification, we explained:

> As a result of the jury's factual conclusion, the defendant was by statutory definition a major drug offender under R.C. 2925.11(C)(1)(e), mandating the imposition of the maximum penalty for a first degree felony [on Count 12] and triggering defendant's classification as a major drug offender. Defendant's classification as a major drug offender, in turn, vested the trial court with the discretion to impose an additional prison term upon specific findings concerning recidivism and the seriousness of his conduct.  See R.C. 2925.11(C)(1)(e).

*Id*. at ¶ 15.  Because we could not determine from the record to what extent the trial court based its imposition of an additional five-year prison term on the major drug offender specification on improperly considered matters, we sustained Elkins's third assignment of error "to the limited extent of allowing the trial court to resentence defendant on the enhanced sentence resulting from defendant's major drug offender status." *Id*. at ¶ 36.  We also sustained Elkins's fourth assignment of error, in which he contended (and the state conceded) that the trial court did not make required findings to impose consecutive sentences.  *Id*. at ¶ 37.  We remanded the matter "for resentencing only."  *Id*. at ¶ 39.

{¶ 4}    Following a resentencing hearing on April 25, 2003, the trial court issued a new judgment entry, again sentencing Elkins to an aggregate sentence of 36 years, including 10 years on Count 12 and an additional 5 years on the major drug offender specification.  Elkins appealed, arguing solely that the trial court failed to make required findings in imposing the additional five-year sentence under the major drug offender specification.  *State v. Elkins*, 156 Ohio App.3d 281, 2004-Ohio-842, ¶ 1-2 (10th Dist.).  We again reversed and remanded "for resentencing in regard to the length of the [additional] prison term, if any, to be imposed" under the major drug offender specification.  *Id*. at ¶ 11.

{¶ 5}  Following a second resentencing hearing on October 15, 2004, the trial court issued a new sentencing entry, in which it imposed the same 36-year aggregate sentence. Elkins again appealed and again challenged the trial court's imposition of the additional five-year term of imprisonment under the major drug offender specification. (Nov. 9, 2005 Appellant's Brief, 10th Dist. No. 05AP-480.)  This court reversed Elkins's sentence for a third time on March 9, 2006, this time on the authority of the Supreme Court of Ohio's recent decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.  (Mar. 9, 2006 Entry, 10th Dist. No. 05AP-480.)

{¶ 6}  The trial court held Elkins's final resentencing hearing on June 14, 2006. Elkins's attorney and the prosecutor agreed that the trial court was only required by this court's remand order to resentence Elkins on the major drug offender specification, as that was the sole focus of Elkins's most recent appeal.  Elkins's attorney urged the trial court to impose no additional prison time on the major drug offender specification, and he argued that 31 years (the previously imposed 36-year sentence minus the 5 years previously imposed on the specification) was sufficient punishment.  Elkins's attorney told the court that Elkins would not appeal if the court deleted the five years imposed on the specification and left in place the remaining 31-year sentence.

{¶ 7}  At the resentencing hearing, the trial court orally reviewed the sentences it had previously imposed on each count.  When it reached Count 12, however, the court did not mention the previously imposed consecutive ten-year sentence for aggravated possession of drugs; instead, it mentioned only the additional five-year sentence previously imposed on the major drug offender specification relating to Count 12.  It said:

> Relative to Count Twelve, the Court did make a finding, imposed sentence of five years, having made the finding the defendant was a major drug offender.
>
> The court at this time, after review of the Foster decision and review of the order of the Tenth District Court of Appeals, is not going to impose the five years relative to Count Twelve of the major drug offender specification.
>
> Relative to Count Twelve, the Court will not impose that five year sentence relative to Count Twelve, the major drug offender.

(June 14, 2006 Tr. at 11, attached to Feb. 8, 2022 Def.'s Mot.)  The trial court went on, however, to state, "having reviewed the record in this matter [the court] finds that the sentence imposed is 31 years total * * *.  The court imposes this sentence." *Id.* at 12.  It then reiterated, "the sentence the Court now imposes of 31 years * * * is an appropriate sentence, and the Court will not impose the five years that it did impose initially relative to Count Twelve, the major drug offender" specification.  *Id.* at 13.

{¶ 8}  The court issued a judgment entry on June 23, 2006, in which it imposed on Elkins an aggregate prison sentence of 31 years, consistently with its pronouncement at the resentencing hearing.  As to Count 12, the entry states: "TEN (10) YEARS AS TO COUNT TWELVE TO RUN CONSECUTIVE TO COUNTS ONE, SEVEN AND ELEVEN; ZERO (0) YEARS AS TO THE MAJOR DRUG OFFEN[DER] SPECIFICATION RELATING TO COUNT TWELVE." (Emphasis sic.)  (June 23, 2006 Jgmt. Entry at 2.)  Elkins did not appeal the June 23, 2006 judgment entry.

{¶ 9}  Since 2006, Elkins has filed a barrage of post-conviction motions, which the trial court has consistently denied.  We address only those motions and decisions that are relevant to Elkins's current claim.

{¶ 10}  Elkins filed a motion for nunc pro tunc judgment on November 5, 2020.  He argued, in part, that the June 23, 2006 resentencing entry did not validly impose a ten-year prison sentence on Count 12 because the trial court did not orally pronounce a ten-year prison term at the resentencing hearing.  The trial court denied Elkins's motion.  It stated:

> The court has reviewed the re-sentencing transcript and does not find Defendant's argument persuasive.  At re-sentencing the trial [c]ourt was only cha[r]ged with re-sentencing on the Major Drug Offen[der] Specification and the Court did not need to include language at the re-sentencing regarding the Ten (10) year sentence already in place on Count Twelve (12).  The Court spoke through the original and amended entries.

(Jan. 13, 2021 Decision & Entry.)  Elkins did not appeal that decision.

{¶ 11}  On February 8, 2022, Elkins filed a motion to correct journal entry to reflect true and accurate sentence imposed, again asking the trial court to "correct his sentence/journal entry to [reflect] the sentence that was pronounced and given" at the resentencing hearing.  (Feb. 8, 2022 Def.'s Mot. at 2.)  In denying that motion, the trial court stated, "As a preliminary matter, Defendant's argument is barred by the doctrine of

res judicata" because Elkins did not appeal his June 23, 2006 resentencing entry. (Apr. 4, 2022 Decision & Entry at 1.) The court also characterized Elkins's "factual premise" as "incorrect." *Id*. at 2. It stated that the transcript of the resentencing hearing "establishes that the Court sentenced [Elkins] to an aggregate term of 31 years after removing only the previous five-year term that had gone with Count Twelve's [major drug offender] specification." *Id*. at 3. Although Elkins filed a notice of appeal from that decision, this court dismissed the appeal as untimely. (June 1, 2022 Journal Entry of Dismissal, case No. 22AP-277.)

{¶ 12} Undeterred, on December 6, 2022, Elkins filed a motion for correction of the record nunc pro tunc. There, he once again argued that the June 23, 2006 resentencing entry invalidly imposed a 10-year sentence for Count 12 that the trial court had not orally imposed during the resentencing hearing. In denying that motion, the trial court held that it was substantively identical to Elkins's February 8, 2022 motion, that "[t]he doctrine of res judicata still bar[red] [Elkins's] challenge to the validity or length of his sentence," that Elkins's "interpretation of what was said during the June 14, 2006 sentencing hearing [was] still incorrect," and that "[e]ven if there were an inconsistency between the Court's oral statements on June 14, 2006 and the written statements it made in the June 23, 2006 judgment entry, the judgment entry still controls." (Jan. 24, 2023 Decision & Entry.)

{¶ 13} Elkins now appeals the trial court's decision denying his December 6, 2022 motion, and he raises two assignments of error. First, he argues that the trial court erred by holding that the June 23, 2006 resentencing entry controls over the trial court's oral statements at the June 14, 2006 resentencing hearing. (Appellant's Brief at iv.) Second, he argues that the trial court erred by applying the doctrine of res judicata to deny his motion, because the trial court lacked authority to impose a sentence that was inconsistent with that pronounced at the resentencing hearing.

## II. ANALYSIS

{¶ 14} Because it is dispositive, we begin by addressing the second assignment of error, which challenges the trial court's application of the doctrine of res judicata to bar Elkins's challenge to the June 23, 2006 resentencing entry.

{¶ 15} "The doctrine of res judicata bars someone from raising a claim that could have been raised and litigated in a prior proceeding." *State v. Blanton*, 171 Ohio St.3d 19,

2022-Ohio-3985, ¶ 2. Alleged sentencing errors that could have been raised on direct appeal are generally barred by res judicata when they are subsequently asserted in a postconviction petition or motion. *State v. Jennings*, 10th Dist. No. 18AP-139, 2020-Ohio-5154, ¶ 7 (noting that, except for collateral challenges to a void judgment, res judicata bars postconviction motions alleging errors in the imposition of a sentence); *State v. Watts*, 10th Dist. No. 16AP-196, 2016-Ohio-7072, ¶ 9; *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16.

{¶ 16} The trial court has consistently held that Elkins's repetitive challenges to the validity of his sentence are barred by res judicata, because Elkins did not raise those challenges in a direct appeal from the June 23, 2006 resentencing entry. Moreover, in *State v. Elkins*, 10th Dist. No. 20AP-411, 2021-Ohio-1271, ¶ 13-14, a decision from this court on an appeal of a motion in which Elkins raised different challenges to the June 23, 2006 resentencing entry, this court held that Elkins's failure to file a direct appeal from the resentencing entry rendered his subsequent challenges to that entry subject to res judicata. Elkins's persistence in repetitively moving for relief does not change that fact.

{¶ 17} Elkins argues that res judicata does not bar his challenge to the ten-year sentence imposed on Count 12 because that sentence is void. *See State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, ___ Ohio St.3d ___, 2023-Ohio-3534, ¶ 15 (res judicata does not preclude review of a void sentence). The error alleged here, however, does not render the sentence imposed on Count 12 void. In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, the Supreme Court clarified that a criminal sentence is void only "when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. When the sentencing court has jurisdiction over the subject-matter of the case and personal jurisdiction over the defendant, sentencing errors are voidable, not void, and must be challenged on direct appeal. *Id.* at ¶ 42-43. Otherwise, a voidable error will be subject to res judicata. *Id.* at ¶ 18 ("If the entry were merely voidable, res judicata would apply"), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30.

{¶ 18} The Franklin County Court of Common Pleas had subject-matter jurisdiction over Elkins's criminal case. *See* R.C. 2913.03 ("The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive

jurisdiction of which is vested in courts inferior to the court of common pleas."). And there is no dispute that the trial court had personal jurisdiction over Elkins. Accordingly, any error in Elkins's sentencing entry was an error in the *exercise* of the trial court's jurisdiction, which would render the sentence voidable, not void, and leave it subject to application of res judicata. *See Ogle* at ¶ 17, citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 26.

### III. CONCLUSION

{¶ 19} Elkins could have raised his claim that the June 23, 2006 judgment entry improperly imposed a ten-year sentence as to Count 12 in a direct appeal from that judgment, but he did not file a direct appeal. Accordingly, the doctrine of res judicata precludes him from raising that claim now. We therefore overrule Elkins's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.