[Cite as *State v. Smith*, 2025-Ohio-5742.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 25AP-276 |
| | | (C.P.C. No. 13CR-1342) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| James H. Smith, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on December 23, 2025

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Benjamin A. Tracy*, for appellee.

**On brief:** *James H. Smith*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, James H. Smith, appeals from an order from the Franklin County Court of Common Pleas denying Smith's motion for resentencing. For the reasons that follow, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶ 2} In 2013, Smith was found guilty of 13 counts of aggravated robbery, 31 counts of kidnapping, 12 counts of having a weapon under disability, 56 three-year firearm specifications, and 43 repeat violent offender specifications. The convictions arose from robberies at 12 different restaurants on 12 separate days during spring and summer 2012. The trial court imposed an aggregate prison term of 84 years, which included an 11-year prison term for one count of aggravated robbery, a one-year prison term for a repeat violent offender specification, and 24 three-year prison terms for 24 firearm specifications, all to

run consecutively. The court imposed concurrent sentences for the remaining counts and specifications.

{¶ 3} Among his arguments on direct appeal, Smith asserted the trial court was only required to impose consecutive prison terms for two of the firearm specifications, and that the court should have chosen to run the remaining prison terms concurrently. This court found no error in the trial court's decision to impose two consecutive firearm specification prison terms for each of the 12 robberies, and it affirmed Smith's sentence. *State v. Smith*, 2015-Ohio-735, ¶ 31-36 (10th Dist.).

{¶ 4} In February 2025, Smith filed a pro se motion for resentencing. Smith argued the trial court was prohibited from imposing more than a total of two consecutive prison terms for his firearm specifications pursuant to *State v. Beatty*, 2024-Ohio-5684. Smith asserted that the court's imposition of 24 consecutive three-year prison terms was unconstitutional and contrary to statute, and that the court was obligated to resentence Smith and run 22 of those prison terms concurrently.

{¶ 5} The trial court denied Smith's motion, and Smith now appeals.

## II. Assignment of Error

{¶ 6} Smith assigns the following sole assignment of error for our review:

> Did the trail court error imposing consecutive firearm Specifications in the current case amount to 72 years, although the sentence was only 12 years in this case?

(Sic passim.)

## III. Discussion

{¶ 7} Although Smith's argument asserts error in the trial court's 2015 sentencing decision, our scope of review is limited to the court's decision to deny Smith's 2025 motion for resentencing. If a criminal defendant files a post-appeal motion " 'seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.' " *State v. Parker*, 2019-Ohio-3848, ¶ 16, quoting *State v. Reynolds*, 1997-Ohio-304, ¶ 12. We review a trial court's ruling on a post-conviction petition under an abuse of discretion standard of review. *State v. Weaver*, 2022-Ohio-4371, ¶ 24.

{¶ 8} Smith filed his motion approximately ten years after the completion of his direct appeal, and he is therefore subject to the standards for untimely post-conviction

petitions. R.C. 2953.21(A)(2); 2953.23. Smith's only possible avenue for relief under R.C. 2953.23 would be to demonstrate that, after his deadline for a timely post-conviction petition had passed, he discovered new facts, or that a new, retroactive constitutional right was recognized by the United States Supreme Court, the application of which would prevent any reasonable factfinder from finding Smith guilty of his offenses. R.C. 2953.23(A)(1)(a) and (b).

{¶ 9} Smith made no such showing in his motion for resentencing; his argument does not address his convictions, and his argument does not rely on newly discovered facts or new United States Supreme Court jurisprudence. Smith's cited caselaw, *Beatty*, is from the Supreme Court of Ohio and only addresses statutory interpretation—not constitutional rights. Moreover, *Beatty* is distinguishable from Smith's case because it addressed firearm specifications that were subject to the prohibition against imposing multiple prison terms " 'for felonies committed as part of the same act or transaction.' " *Beatty*, 2024-Ohio-5684, at ¶ 10, quoting R.C. 2929.14(B)(1)(b). In contrast, Smith's 56 felony counts and firearm specifications involved at least 12 separate offenses committed at different times.

{¶ 10} Irrespective of Smith's failure to meet the requirements for post-conviction petitions, Smith's sentencing argument is barred by res judicata. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1992), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus, *superseded on other grounds by statute*. Res judicata bars a criminal defendant from asserting sentencing errors that were or could have been raised on direct appeal. *State v. Elkins*, 2023-Ohio-4521, ¶ 15 (10th Dist.). In his direct appeal, Smith did assert that the trial court erred by imposing consecutive prison terms for more than two of the firearm specifications, and this court's prior determination of that issue is a bar to Smith's present effort to challenge that decision in a post-conviction action.

{¶ 11} Because Smith's claims in his motion for resentencing were not cognizable under R.C. 2953.23 and were barred by res judicata, we overrule his sole assignment of error.

## IV. Disposition

{¶ 12} Having overruled Smith's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and LELAND, JJ., concur.

_____